[No. 10,050.]

## THE PEOPLE *v.* JAMES MURPHY.

EVIDENCE IN CASE OF LARCENY.—If stolen property is found concealed, on the trial for the larceny, evidence may be introduced to show how the finder was informed of the place of concealment, even if the information was obtained by duress, and came from persons other than the defendant.

CLOSING ARGUMENT IN CRIMINAL CASE.—In a criminal trial, the Court may, in its discretion, allow counsel employed to assist the prosecuting attorney to conclude the argument.

FACTS FOR THE JURY IN CASE OF LARCENY.—If, on a trial for the larceny of a bullock, it is proved that the body of the animal, dressed, was found in the possession of the defendant, and that the head and ears, and a portion of the hide which bore the brand, were found concealed near by, the jury may take into consideration the fact that the ears and brand, and head, were cut off and concealed, for the purpose of determining whether the defendant intended to steal the animal.

LARCENY.—Asportation and intent to steal are necessary elements in larceny.

ERROR PRESUMED INJURIOUS.—Error committed in a criminal trial, will be presumed to have injured the defendant, unless the contrary clearly appears.

INSTRUCTIONS IN CRIMINAL CASE.—In a criminal trial, it is not error for the Court to refuse to give instructions to the jury which are based on a state of facts not in evidence.

APPEAL from the County Court of Tulare County.

The defendant was indicted for stealing a steer, the property of one Houston.

At the trial, two witnesses testified that they found the defendant and a Spaniard named Alipas in " Greasy Cove," cutting up the animal and jerking the meat, the defendant claiming the animal as his own. Noticing that the head, ears, and the portion of the skin which bore the brand were missing, one of the witnesses, who was armed with a revolver, asked the defendant where they were. He declined to tell, and thereupon the witness kicked him over. The witness then asked the Spaniard, who told him to "look up the branch." On going in the direction indicated, the head was found in the water, and the ears and brand were found concealed in a hollow tree. Counsel for the defendant objected to the introduction of the testimony in regard to what the Spaniard said, upon the grounds that it was irrelevant,

no conspiracy having been shown, and that the declaration was not shown to have been voluntarily made; but, on the contrary, it appeared to have been made under duress. The objection was overruled, and the defendant, by his counsel, excepted. The Spaniard Alipas testified that he was in the employ of the defendant; that they had started out to kill one of the herd belonging to the defendant; that he—Alipas—lassoed the steer, tied it up until the defendant looked at it and told him to kill it, which he did. The defendant testified that he had cattle running in that place; that the Spaniard knew his brand and mark; that the Spaniard killed the animal before the defendant saw it, and that he did not know who concealed the head, ears, and brand. The argument to the jury was closed by counsel employed to assist the District Attorney. The tenth instruction referred to in the opinion was as follows: "If the jury believe, from the evidence, that the defendant did not directly commit the offense alleged, but that he stood by and aided, abetted, or assisted another person to commit the offense, or that he was not present, but had advised and encouraged another to commit the offense, the defendant cannot be found guilty under the indictment, but must be acquitted." The second instruction, given at the request of the prosecution, was, in substance, that if the jury believed that the ears and brand were cut off and hid away, they might take those facts into consideration in determining whether the defendant intended to steal the animal. The defendant was convicted, and he appealed from the judgment, and from an order denying him a new trial.

The other facts are stated in the opinion.

*Brown & Daggett,* for Appellant.

*Attorney-General Love,* for Respondent.

By the Court, Crockett, J.:

There was no error in admitting in evidence the direction of the Spaniard, Alipas, as to the place at which the head,

ears, and brand of the steer would be found.  When these were found concealed at the place indicated, the direction given by him as to the place ceased to have any significance whatever.  The material fact was that they were found concealed; and it is immaterial by whom the information was given which led to their discovery, or whether it was obtained by means of duress.

The point that it was error to permit any other counsel for the prosecution than the District Attorney to conclude the arguments to the jury was decided adversely to the appellant in *People* v. *Strong*, 46 Cal., and we see no reason to doubt the correctness of the decision.  Nor was there any error in giving the second instruction requested by the prosecution.  It was certainly competent for the jury to consider the fact that the ears and brand were cut off and concealed, in connection with other facts proved, in order to determine whether the defendant intended to steal the steer, the carcass of which was found in his possession.  The instruction contained intimation that he was guilty of the larceny, but submitted to the jury the question whether his possession of the steer was innocent or felonious.

The third instruction given at the request of the prosecution is not unobjectionable.  It omits to state that asportation is one of the necessary elements of larceny, and that the killing of the steer must have been with the intent to steal it.  The substance of the instruction is, that if the defendant caused the steer to be killed, with the intent to deprive the owner of it, he may be convicted, notwithstanding he had not "actually carried said animal away."  Under this instruction the jury would have been authorized to convict the defendant, even though the steer had been killed as an act of malicious mischief, and without any felonious intent whatever, and without removing it from the spot where it fell.  If he had caused it to be killed from a feeling of malice towards the owner, with the intention to leave the carcass to decay where it fell and thus deprive the owner of it, all the requirements of the instruction would have been fulfilled, and it would have been the duty of the jury to convict.  The instruction was, therefore, erroneous; and

we must presume that it was injurious to the defendant unless the contrary clearly appears. We have no means of determining that the verdict was not based wholly on this instruction.

The tenth instruction requested by the defense was properly refused. The defendant was either a principal in the larceny, if one was committed, or he was wholly innocent of any offense whatever on the evidence before us. On the testimony of Alipas, the defendant, if guilty at all, was guilty as a principal; and on the testimony of the defendant himself, he was innocent of any offense. There was nothing in the evidence to justify the inference that he may have been guilty as an accessary, but not as a principal. As the facts are here presented, he was guilty as a principal, if at all.

Judgment reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.