[No. 10,759.—In Bank.]
Oct. 4, 1882.

## THE PEOPLE *v.* DANIEL GANNON.

AFFIDAVIT FOR CONTINUANCE—The affidavit of the District Attorney for a continuance in this case held to be sufficient.

EVIDENCE—DEPOSITION OF ABSENT WITNESS TAKEN BEFORE EXAMINING MAGISTRATE.—The Court was justified in finding that the witness A. could not with reasonable and due diligence be found in the State; his deposition taken before the examining magistrate was therefore admissible.

INSTRUCTIONS—ROBBERY.—The Court in effect instructed the jury that if after an examination of all the evidence they were convinced beyond a reasonable doubt that the defendant was "guilty of the crime of robbery," they should find him guilty, and it was objected that the charge was not confined to the particular crime charged in the information.

*Held:* The instruction was addressed by its very terms to the accusation charged in the information, and had no tendency to mislead the jury.

ID.—ID.—LARCENY.—The Court also instructed the jury: "The only evidence here of the taking of the money at all is that it was taken from the person. * * * So you may find either one of three verdicts: guilty of robbery, guilty of grand larceny, or not guilty.

*Held:* As there was no evidence of the taking of any money of the prosecuting witness except from his person, the Court correctly charged the jury that, if the evidence sustained the other facts charged, in the absence of force or violence, their verdict might be grand larceny.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of San Joaquin. BUCKLEY, J.

*J. A. Hosmer,* for Appellant.

The instruction of the Court that if they believed the defendant guilty of robbery they should find a verdict against him, was erroneous, and, in view of the evidence was calculated to mislead the jury. There was evidence that the defendant took a hat from the prosecuting witness, but this was not charged in the information.

*A. L. Hart,* Attorney-General, for Respondent.

McKINSTRY, J.:

It is not seriously contested, but the affidavit of the District Attorney, upon which the continuance (from the twenty-

eighth of September to the fifth of October) was granted, was regular and sufficient.

We think the Court below was justified in finding that the witness, Edwin Avery, could not, with reasonable and due diligence, be found in the State. His deposition, taken before the examining magistrate, was, therefore, admissible. (P. C., 686.)

Of course it is possible that a District Attorney—in violation of his official oath, and in cruel disregard of the rights of those charged with crime—*might* so far prostitute his place as to enter into a scheme to deceive the Court and defendant. He might induce a witness to withdraw to a particular part of the State, or being informed of such withdrawal, he might send subpœnas to other portions of the State. But, to say the least, such conduct is not to be presumed. The prosecution can have no real interest to be subserved by influencing a prosecuting witness to conceal or absent himself. It was admitted that the witness could not, "with due diligence," be found in San Joaquin County. There being no evidence to suggest that, with the knowledge of the prosecution, the witness had gone to a county to which the subpœnas issued did not run, or that facts had come to the knowledge of those controlling the prosecution, which should have induced them to believe that the witness had gone to a county to which the subpœnas issued did not run, we can not say the Court below found against the evidence, or abused its discretion, in holding that the witness could not, by the exercise of due diligence, be found within the State. There was a considerable body of evidence to sustain the finding.

The instruction of the Court complained of was addressed by its very terms to the accusation charged in the information, that defendant had taken certain *moneys* from the person of the prosecuting witness by force or violence. We are persuaded the instruction did not induce the jury to believe they could find defendant guilty of the crime charged, if the evidence showed that he took a *hat* from the prosecuting witness.

As there was no evidence of the wrongful taking of any money of the prosecuting witness, except from his person, the

Court correctly charged that, if the evidence sustained the other facts charged, in the absence of force or violence, the verdict might be grand larceny. (P. C., 487.) The Court was not then defining larceny, nor measuring the *quantum* of evidence necessary to a conviction, but, in effect, explaining that a larceny from the person was "grand larceny" whatever the amount stolen. The jury could not have inferred from the language that a taking, without gainful purpose, or otherwise innocent, would constitute larceny; nor could they have inferred that the defendant ought not to have the benefit of the rule "reasonable doubt."

Judgment and order affirmed.

MORRISON, C. J., and ROSS, SHARPSTEIN, McKEE. and MYRICK, JJ., concurred.