[No. 20366.   In Bank.—February 6, 1888.]

## THE PEOPLE, RESPONDENT, v. JAMES RILEY, APPELLANT.

CRIMINAL LAW — ROBBERY — INFORMATION — DESCRIPTION OF PROPERTY.— An information for robbery, which describes the property taken as a specified amount of "lawful money of the United States," is not defective for not further describing the property as personalty.

ID. — TAKING BY FORCE AND FEAR. — Where the information alleges that the robbery was "accomplished by means of force and fear," an allegation that it was accomplished "against the will" of the person robbed is unnecessary.

ID. — PRESUMPTION OF IDENTITY FROM IDENTITY OF NAME — INSTRUCTION. — On a trial for robbery, where the prosecution offers in evidence the deposition taken on the preliminary examination, which shows that the person charged with the offense has the same name as the defendant, and the latter offers no evidence to disprove his identity, the court may instruct the jury that identity of person is presumed from the identity of name, and the failure to instruct that the presumption of identity is only *prima facie* is without prejudice.

ID. — PRELIMINARY EXAMINATION — DEPOSITION — OBJECTION TO QUESTION. The deposition taken on the preliminary examination sufficiently shows the grounds on which the magistrate sustained an objection to a question put to a witness, when it appears therefrom that the objection to the question was that it was "irrelevant and immaterial," and the objection as made was sustained.

ID. — STENOGRAPHER NEED NOT BE SWORN. — A stenographer appointed by the magistrate to take down the testimony given on the preliminary examination, under section 869 of the Penal Code, need not be sworn to faithfully discharge his duty, nor need the fact that he was sworn appear in the deposition.

ID. — CERTIFICATE OF STENOGRAPHER. — A certificate of the stenographer to the deposition that the same is "a correct transcript of the examination in the above-entitled case," is a sufficient certification, under subdivision 5 of section 869 of the Penal Code, to make the deposition *prima facie* evidence.

ID. — ABSENCE OF WITNESS — EVIDENCE. — The evidence offered for the purpose of showing that the prosecuting witness, whose deposition was admitted in evidence, was absent from the state, *held*, sufficient to show the absence of the witness.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The defendant was prosecuted and convicted of robbery. On the trial, the prosecution offered in evidence the deposition of the prosecuting witness, taken on the preliminary examination, which showed that the offense had been committed by a person of the same name as the defendant. In instructing the jury, the court charged them that identity of person is presumed from identity of name. The further facts are stated in the opinion of the court.

*Zue G. Peck,* and *Baker & Blair,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McKINSTRY, J.—The defendant was convicted of robbery in San Bernardino County, and has appealed from the judgment, and from an order denying a new trial.

It is contended the motion in arrest of judgment should have been granted, because the information does not aver that the one hundred and sixty dollars, lawful money of the United States, "said money being then and there the property of one Christian Meyer," was "personal" property. The point is not well taken.

The information charges that the defendants, on a day named, etc., did "unlawfully, willfully, and feloniously, and by means of fraud and force, take from the person, possession," etc. It is claimed the judgment should have been arrested, because the information is fatally defective, in that it omits the statutory words, "and against his will." (Pen. Code, sec. 211.) But the information is sufficient. (Pen. Code, sec. 960.) A robbery "accomplished by means of force and fear" must have been accomplished "against the will" of the person robbed.

It is urged as error that the court below charged: "Identity of person is presumed from identity of name." Identity of person is a deduction which the law expressly directs shall be made from identity of name (Code Civ. Proc., secs. 1959, 1963, subd. 25); and while under our constitution, which prohibits the courts from charging upon matter of fact, a court cannot instruct a jury that any fact is an "inference" from another fact,—as an inference is defined by section 1960 of the Code of Civil Procedure,—the court is authorized to declare a presumption of law. It is true that the presumption of identity of person from identity of name is a *disputable* presumption, which may be controverted by other evidence. (Code Civ. Proc., sec. 1963.) But the defendant introduced no evidence to overcome it, and no injury could have accrued to him by the omission of the court to add that identity of name only created the presumption *prima facie.*

At the trial the prosecution offered in evidence the deposition of Christian Meyer (prosecuting witness), taken at the examination before the committing magistrate. The deposition was admitted over the objections of the defendant.

To the deposition the defendant objected that it does not show the "grounds or reasons" on which the magistrate sustained an objection to a question put to the witness on cross-examination. But the objection to the question was that it was "irrelevant and immaterial," and the objection as made was sustained. It would be difficult to state more clearly "the ground on which the question was overruled." (Pen. Code, sec. 869, subd. 3.) As to the alleged refusal of the witness to answer questions, the magistrate, in one instance directed him to answer, and in others the recalcitration of the witness was waived. Besides, the "ground" on which the witness declined to answer questions does appear in the deposition, from the statement of the witness itself.

Appellant further objects that it was not made affirm-
atively to appear that Joseph E. Rich, whose certificate
as stenographer is attached to the deposition,.was sworn
faithfully to discharge his duty.  The *defendant* proved
by Rich that he was appointed to take the testimony by
the magistrate.  The statute neither requires that the
short-hand reporter shall be sworn, nor that the fact that
he was sworn shall appear in the deposition; and the
testimony, as written out in long-hand by the short-hand
reporter, is only evidence *prima facie* of its correctness.
(Pen. Code, sec. 869.)

The deposition is certified:—

"State of California, county of San Bernardino.

"I hereby certify the foregoing to be a correct tran
script of the examination in the above-entitled case.

·(Signed)          "JOSEPH E. RICH, Stenographer."

The statute provides: "When written out in long-
hand and certified as being a correct statement of such
testimony and proceedings in the case, shall be *prima
facie* evidence," etc.  (Pen. Code, sec. 869, subd. 5.)  It
is, of course, always better to follow the language of the
statute, but we think the certificate substantially com-
plies with the law.  In *People* v. *Morine*, 54 Cal. 575, —
referred to by counsel, — there was no certificate.

Defendant also objected to the deposition on the
ground that the preliminary evidence was not sufficient
to show that the witness, Christian Meyer, was either
dead, insane, or absent from the state.

Subpœnas were sent to different counties for service.
One Neil, an acquaintance of Meyer, gave information
that he was at a certain place in San Diego County, but
he could not be found there.  There was evidence that
he had been sought for " pretty much all over" San Ber-
nardino and San Diego counties; that inquiries had been
made for him in Sacramento, San Francisco, Stockton,
San José, Lathrop, Woodland, Oakland, and " at all those
places along the line of the Southern Pacific railroad."

There was no direct evidence that he *was* in the state, nor any evidence that facts had come to the knowledge of the prosecution tending to prove the whereabouts of the witness which had not been acted upon in good faith, or evidence indicating that the witness had gone to any county to which subpœna was not sent for service. The court was fully justified in finding that the witness could not, with due diligence, be found within the state, and as an inference, that he was not in the state. (*People* v. *Gannon*, 61 Cal. 476.)

Judgment and order affirmed.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.