[No. 20893.   Department One. — August 19, 1892.]

## THE PEOPLE, RESPONDENT, v. AH SING, APPELLANT.

CRIMINAL LAW — ROBBERY — INFORMATION — POSSESSION BY PERSON ROBBED. — An information charging a defendant with the taking of property by force from the person of the prosecutor, and against his will, and that the property was his personal property, sufficiently shows the possession of the property by him, and states facts sufficient to constitute the crime of robbery.

ID. — PARTICULARITY OF AVERMENT — DEFECT OF FORM. — Under the provisions of the Penal Code, the particularity of averment in an information necessary at common law is not required. It is only necessary that the substantial facts constituting the crime shall be alleged with sufficient certainty to enable the court to pronounce a proper judgment and the party to defend against the charge. Any defect of form not tending to the prejudice of a substantial right of the defendant must be disregarded.

ID. — INSTRUCTION — FALSE TESTIMONY — RIGHT OF JURY TO DISREGARD WITNESS. — An instruction in a criminal prosecution, to the effect that if the jury should believe that any witness had sworn falsely as to any fact in the case they were at liberty to entirely disregard the testimony of such witness, is not erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens, F. B. Guthrie, H. H. Appel,* and *Willis & Appel,* for Appellant.

The information is insufficient, as it fails to charge the taking of the property from the possession of any one. (Pen. Code, sec. 211; *Polack* v. *McGrath,* 32 Cal. 20; *Rex* v. *Edwards,* 6 Car. & P. 521.) The court erred in instructing the jury that if they believed from the evidence that any witness had sworn falsely to any fact in the case they would be at liberty to disregard his testimony. (*Pierce* v. *State,* 53 Ga. 365, 368; *Moresi* v. *Swift,* 15 Nev. 231; *McLean* v. *Clark,* 47 Ga. 24; *Fishel* v. *Lockard,* 52 Ga. 632; *People* v. *Sprague,* 53 Cal. 494.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General Charles H. Jackson,* and *District Attorney James McLachlan,* for Respondent.

The information is in the language of the statute, and is sufficient. (*People* v. *Harrold,* 84 Cal. 570; *People* v. *Rozelle,* 78 Cal. 84.) It is sufficient if the offense is substantially charged in the language of the code. (*People* v. *Mahlman,* 82 Cal. 585; *People* v. *Rozelle,* 78 Cal. 84; Pen. Code, secs. 49, 59, 1258, 1404; *People* v. *Tonielli,* 81 Cal. 279; *People* v. *O'Brien,* 64 Cal. 53.)

GAROUTTE, J. — Appellant was convicted of the crime of robbery, and now asks this court for a reversal of the judgment and a new trial.

It is insisted that the information does not state facts sufficient to constitute the crime of robbery, in this, it is charged that the defendant did "steal, take, and carry away from the person of one Tom She Bin," etc. Robbery is defined to be the "felonious taking of personal property in the *possession of another* from his person or immediate presence." The information alleges that the property was taken by force from the person of Tom She Bin, and against his will, and was his personal property. These facts fairly show a possession of the property in the prosecuting witness.

In framing an information, the statute should be carefully followed, and such would have been the better practice in this instance; but we think the present defect

more technical than substantial, more apparent than real. This court said in *People* v. *Rozelle*, 78 Cal. 84: "Under the provisions of the Penal Code, the particularity of averment necessary at common law is not required. It is only necessary that the substantial facts constituting the crime shall be alleged with sufficient certainty to enable the court to pronounce a proper judgment, and the party to defend against the charge. . . . . Any defect of form not tending to the prejudice of a substantial right of the defendant must be disregarded."

The evidence is amply sufficient to support the verdict. The definition of robbery given by the court in its charge to the jury was too favorable to the appellant, and he has no cause for complaint.

It is insisted that the following instruction is erroneous: "If you believe that any witness has sworn falsely as to any fact in this case, then you are at liberty to entirely disregard the testimony of such witness." The instruction is substantially in the language of the code, and has been approved in many cases. (See *People* v. *Treadwell*, 69 Cal. 226.) Even if appellant's contention be true, that the false evidence must be as to material matters, then the instruction still comes within such rule, for it refers to "*any fact* " in the case. The assignments of error based upon the evidence of impeachment of the defendant, and also upon the matter of *alibi*, are not well taken; neither can we say from the record that the motion for a new trial was improperly denied.

There appears to be no merit in the appeal. Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.