[Crim. No. 829.    Department One.—March 22, 1902.]

# THE PEOPLE, Respondent, v. JAMES RICHARDS, Appellant.

CRIMINAL LAW—ROBBERY—INFORMATION—DESCRIPTION OF PROPERTY.—
An information which sufficiently charges the crime of robbery committed by the defendant from the person of one named, by means of force and violence, and alleges that the property taken was his personal property, and consisted of "about ninety cents or more," states a public offense, and sufficiently describes the property and its value, in the absence of a special demurrer.

ID.—ERRONEOUS INSTRUCTION—TAKING OF ANY PERSONAL PROPERTY.—It is erroneous to instruct the jury that they may convict the defendant, if the crime of robbery was committed by him in the taking of any personal property from the person named in the information. The defendant could only be convicted by the production of evidence showing that he took personal property answering substantially to that described in the information; and the jury should have been so instructed.

ID.—ABSENCE OF EVIDENCE—PRESUMPTION OF PREJUDICE.—Upon appeal from the judgment, where the record does not contain the evidence, an erroneous instruction must be presumed prejudicial.

APPEAL from a judgment of the Superior Court of Merced County.    E. N. Rector, Judge.

The facts are stated in the opinion of the court.

C. H. Marks, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GAROUTTE, J.—The defendant was convicted of the crime of robbery, and appeals from the judgment. Two contentions are made by the appeal—viz.: 1. The information is not sufficient; and 2. The court erred in instructing the jury.

After the jury was sworn the defendant moved the court to disallow any testimony, upon the ground that the information did not state facts sufficient to constitute a public offense, and after conviction he moved an arrest of judgment upon the same ground. These motions were denied.

It is not questioned that the information sufficiently charges the crime of robbery from the person by means of force and violence, except as to the description and value of the property taken. The property taken was alleged to be personal property of Frank Geary, and to consist of "about ninety cents or more." The facts charged constitute a public offense. (*People* v. *Chuey Ying Git,* 100 Cal. 437.) It therefore follows that the motions made to disallow testimony and to arrest the judgment were properly denied. Possibly, the information is susceptible to a special demurrer, but no demurrer was urged against it.

It is claimed the court erred in instructing the jury as follows: "If you are satisfied from the evidence, to a moral certainty and beyond a reasonable doubt, that the defendant by means of force and violence took from the person and possession of Frank Geary, and against the will of said Geary, any personal property belonging to said Geary, then your verdict should be guilty." This instruction was clearly erroneous. The defendant was charged with the crime of robbery alleged to have consisted in taking certain particular personal property—to wit, "about ninety cents or more." By this instruction the jury was told to convict if the crime of robbery was committed by him in the taking of any personal property from Frank Geary. If the evidence disclosed that he took from Geary a knife or hat or watch, then this instruction told them that they should convict him. Under the information the defendant could only be convicted by the production of evidence showing that he took personal property answering substantially to that described in the pleading, and an instruction to the jury should have been given to that effect. It is thus plain that the instruction is erroneous. Upon its face it presents an unsound proposition of law. Viewed from any and every angle, it is unsound, for under no possible state of circumstances which the record might present, if the evidence was before us upon a bill of exceptions, can its legality be justified.

The order denying a new trial is not appealed from, nor is there in the record any statement or bill of exceptions disclosing the evidence. Hence the court cannot say that the instruction is harmless. While error will not be presumed, injury from error will be presumed; and upon the record as it

stands it is impossible for the court to say that no injury resulted to defendant from the giving of this instruction. It is said in *People* v. *Kamaunu,* 110 Cal. 612: "And if it be admitted that there was error, the question then would be, Did the error affect the substantial rights of the defendant? If we cannot determine whether there was injury or not, then, since the defendant has not been tried as the law of the land directs, we must presume injury. For to be so tried is his right. But if we can see that he has not been injured, the judgment will be allowed to stand." Here the court cannot see that the defendant has not been injured by the erroneous instruction. (See, also, *People* v. *Murphy,* 47 Cal. 105; *People* v. *Furtado,* 57 Cal. 347.)

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.