[Crim. No. 1046. Department Two.—December 30, 1903.]

# THE PEOPLE, Respondent, v. FRANCIS STEVENS, Appellant.

CRIMINAL LAW—ROBBERY—DESCRIPTION OF PROPERTY IN INFORMATION —IMMATERIAL AVERMENT OF VALUE.—In an information for robbery, committed in the felonious taking of personal property from the person or immediate presence of the prosecuting witness, accomplished by means of force or fear, an averment of value of the property taken is immaterial, and may be disregarded. Where the property taken is described as "one purse containing twenty-eight dollars and sixty-two cents, in lawful money of the United States of America, of the value of twenty-eight dollars and sixty-two cents," the information charges the taking both of the money and of the purse, and is sufficiently certain as against a motion in arrest of judgment.

ID.—PROOF OF ROBBERY—LARCENY.—Where the evidence showed that the prosecuting witness slept with defendant, after hanging his pantaloons containing the money in question on the headboard of the bed, and awoke to find the defendant standing over him, with the pantaloons in one hand and a razor in the other; that the prosecuting witness then seized the pantaloons from the defendant and jumped toward the door, to which defendant ran and stood against, and threatened him with the razor, unless he delivered up his "stuff"; that the prosecuting witness then, through fear, threw the pantaloons on the bed, and while defendant was engaged in rifling them unlocked the door and escaped,—the facts show a case of robbery, though the original taking of the pantaloons may have been a larceny.

ID.—PROOF OF INTRINSIC VALUE—GOLD MONEY—JUDICIAL NOTICE.— Where it appeared that a twenty-dollar gold piece was part of the money taken, the court will take judicial notice that it had intrinsic value, without further evidence. It was not necessary to show that the purse was of intrinsic value.

ID.—IMMATERIAL INSTRUCTIONS AS TO LARCENY.—Where the evidence was such that if the defendant was not convicted of robbery, he could not be convicted at all; and where the information was directed solely at the final act of forcible robbery, and not against the act of taking down the pantaloons from the headboard, instructions on the subject of larceny were immaterial; and the defendant having been convicted of robbery, it is immaterial whether larceny was correctly defined in any instruction given.

ID.—IMPROPER REQUESTS—NATURE OF ROBBERY.—Requested instructions as to robbery, each of which ignored the forcible taking of property from the "immediate presence" of the owner by force or fear, were properly refused.

ID.—REQUEST AGAINST EVIDENCE.—A requested instruction based upon the assumption, without evidence, and against the evidence to the contrary, that the money was taken from the pantaloons while the owner slept, was properly refused.

ID.—INSTRUCTION—DISTRUST OF FALSE WITNESS.—An instruction to the jury that "if any witness examined before you has willfully sworn falsely as to any material matter, it is your duty to distrust the entire evidence of such witness," was proper, and in substantial accord with the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion.

Milton A. Nathan, and Richard P. Henshall, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

GRAY, C.—The defendant was convicted of robbery, and appeals from the judgment and from an order denying him a new trial.

1. He complains, first, that the information is insufficient as against the motion in arrest of judgment. The alleged defect consists in the description of the property of which the prosecuting witness is said to have been robbed. The description is as follows: "One purse containing twenty-eight dollars and sixty-two cents in lawful money of the United States of America of the value of twenty-eight dollars and sixty-two cents in lawful money of the United States, the personal property of him, the said Morres Aronstein, then and there in the possession of said Morres Aronstein," etc. The point urged is that the information is uncertain in that it cannot be told whether the "value refers to the purse or to the money contained in the purse, or which the defendant is charged with having stolen."

The allegation as to value was unnecessary and immaterial, and may be disregarded. The felonious taking of personal property in the possession of another from his person or

immediate presence and against his will, accomplished by means of force or fear, is robbery, irrespective of the value of the property so taken. (Pen. Code, sec. 211; *People* v. *Chuey Ying Git,* 100 Cal. 437; *People* v. *Richards,* 136 Cal. 127.)

The defendant could not have taken the purse containing the money without taking the money that was in the purse, and it is therefore clear that the information charges the taking of the money as well as the purse. The information is therefore sufficient as against the motion in arrest of judgment.

2. It is next contended that the evidence disclosed a case of larceny, and not robbery. The prosecuting witness testified that he went to bed with defendant, hanging his pantaloons containing some thirty-five dollars in money on the headboard of the bed; that soon thereafter he awoke to find the defendant standing up on the bed over him, with these same pantaloons in one hand and a razor in the other. The prosecuting witness then asked defendant: "What are you doing?" Defendant replied: "I am after your stuff." The prosecuting witness then grabbed the pantaloons from the defendant and jumped toward the door. He is very confident that the money was still in the pantaloons at this time and had not been removed from them. The defendant beat him to the door and stood against it, and threatened and menaced the prosecuting witness with a razor, striking him under the chin with the hand that held the razor. Defendant said: "Now, that is what I got you up here for. I got you up here for your stuff. I want your stuff and you give it up." The prosecuting witness was very much frightened at this, and threw his pantaloons on the bed to attract the defendant away from the door. As the defendant went for the pantaloons, the prosecuting witness unlocked the door and escaped. The defendant then rifled the pantaloons of the greater portion of the money. These facts disclose a case of robbery. It may very well be that taking the pantaloons down from the headboard while the owner slept constituted a larceny, but the owner recaptured the pantaloons with the money and purse in them, and was thereafter induced, "against his will, accomplished by means of force and fear," to yield up to the

defendant the possession of the pantaloons with the "stuff" in them that the defendant was after. This latter act was beyond question a robbery. (Pen. Code, sec. 211.)

If it be admitted, as is contended by appellant, that the law requires a showing that the property taken was of *some pecuniary value,* this requirement was fully complied with when the police officer testified: "The money that Stevens handed me was a twenty-dollar gold piece, a one-dollar piece, two dimes, one nickel, and a one-cent piece." It is not necessary that any witness should testify that a twenty-dollar gold piece is of some instrinsic value. The court will know that without any further evidence. It was not necessary to show that the purse was of any intrinsic value, even under the rule contended for. This rule was fully satisfied when any of the articles taken was shown to have intrinsic value.

The information met every possible requirement as to "some intrinsic value" when it described the twenty-eight dollars and sixty-two cents as "lawful money of the United States of America."

3. The instruction of the court as to grand and petit larceny complained of by defendant need not be considered in detail. The evidence was of such a nature that if the defendant was not convicted of robbery he should have been acquitted altogether. There was no lesser offense of which the jury could logically find defendant guilty if they were not satisfied beyond a reasonable doubt that he was guilty of robbery. The defense relied on by defendant at the trial was, that he was guilty of no crime whatever, and his testimony would have made this good if the jury had believed it. The position of the prosecution was, that he was guilty of the very crime charged against him,—to wit, robbery,—and that he had taken the property by means of force and fear, and could be guilty of nothing less than robbery, if guilty at all. The information was not directed against the act of taking the pantaloons down from the headboard, but against the final act of forcible robbery to which the prosecuting witness testified. Instructions as to larceny were, then, immaterial, and the giving or refusing of them could not injure defendant. (*People* v. *Swist,* 136 Cal. 521.) Nor does it matter whether larceny, grand or petit, was correctly defined in any instruction given,

—and this for the reason that defendant was not convicted of larceny. (*People* v. *O'Neal*, 67 Cal. 378.)

4. Requested instructions 1, 4, and 10 were properly refused for the reason assigned by the trial judge. Each of them ignored the forcible taking of property from the "immediate presence" of the owner as a possible element of the crime of robbery. In each of them the jury were in effect told that the taking must be from the person to make out the crime of robbery. The law permits a conviction of robbery where the felonious taking is by force or fear from the "immediate presence" of the one in whose possession the property is. (Pen. Code, sec. 211.)

Requested instruction 5 was based upon the erroneous assumption that there was evidence tending to show that the money was taken from the pantaloons while the owner slept.

There was no such evidence, but the evidence was exactly the contrary. The instruction was therefore properly refused.

5. "The court charges you that if any witness examined before you has willfully sworn falsely as to any material matter, it is your duty to distrust the entire evidence of such witness." The above instruction was proper and in substantial accord with the statute (Code Civ. Proc., sec. 2061, subd. 3), as construed in *People* v. *Fitzgerald*, 138 Cal. 45. (See, also, *People* v. *Sprague*, 53 Cal. 491; *People* v. *Arlington*, 131 Cal. 231.)

We advise that the judgment and order be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.