[Crim. No. 23.   First Appellate District.—February 7, 1906.]

## THE PEOPLE, Respondent, v. HARRY HOWARD, Appellant.

CRIMINAL LAW—ROBBERY—INFORMATION.—An information for robbery is sufficient if it states that the defendant did "unlawfully and feloniously, and by means of force and fear, take from the person, possession and immediate presence of one William Little the sum of $20.75, in lawful money of the United States of America, then and there the personal property of said William Little." It was not necessary that the information should state that an assault was made, nor the kind of fear that was produced upon the party robbed, nor that the money taken was gold coin.

ID.—EVIDENCE—FORCE AND FEAR.—In a prosecution for robbery, the evidence held sufficient to show that the complaining witness parted with his money by means of force and fear.

ID.—INSTRUCTION—ERROR MUST BE POINTED OUT.—The refusal to give instructions requested by the defendant will not be reviewed for error, where the only reference made thereto in his brief is "that all the instructions requested by defendant were improperly refused."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, and A. P. Black, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, J.—Defendant appeals from a judgment convicting him of the crime of robbery, and from an order denying his motion for a new trial.

The first point relied on is the claim that the information is defective and does not state facts sufficient to constitute a public offense, and that the court erred in overruling the defendant's demurrer thereto. The information, omitting the formal parts, alleges that the defendant did "unlawfully and feloniously, and by means of force and fear, take from the person, possession, and immediate presence of one William Little the sum of $20.75, in lawful money of the United States of America, then and there the personal property of said William Little." This is substantially in the language of the statute defining the crime. It also states, in addition to the language contained in the definition, that the $20.75 was the personal property of William Little. It is not necessary that an information, in such case, should state that an assault was made, nor the kind of fear that was produced upon the party robbed. That the information in this case is sufficient, see *People* v. *Riley,* 75 Cal. 98, [16 Pac. 544]; *People* v. *Ah Sing,* 95 Cal. 654, [30 Pac. 796].

It is next urged that there is no evidence to determine what actuated the complaining witness in parting with the

money, and that the evidence shows that the money had been previously given by the defendant to the complaining witness. Appellant's counsel, in support of the above claim, cites us to the cross-examination of the witness Meyers, who had testified in behalf of the prosecution at folios 128 to 132. We find by reference to the evidence cited that the witness said: "Do not remember of defendant giving Little any money. He gave him money for the drinks. Don't know whether he gave him money to keep for him." As to what actuated the complaining witness in parting with the money, the evidence shows that defendant was in the saloon of the prosecuting witness at about 11 o'clock at night; that he took a revolver out of his pocket, made the bystanders hold up their hands, told them if anyone turned around he would blow his head off, went to the bar and told Little, who was behind the bar, to give him the money in the cash register and to be quick about it. After Little handed the defendant the money defendant ran out of the door of the saloon, and was afterward caught by the officer. The above seems to be sufficient to make it "possible to determine what actuated him [Little] in parting with the money." It was not necessary for the information to allege that the $20.75 was gold coin. It is alleged that it was lawful money of the United States, and a person of ordinary understanding knows that $20.75 in lawful money of the United States is personal property. The allegation is sufficient. (*People* v. *Millan,* 106 Cal. 320, [39 Pac. 605]; *People* v. *Richards,* 136 Cal. 127, [68 Pac. 477]; *People* v. *Stevens,* 141 Cal. 488, [75 Pac. 62].)

Finally it is said in appellant's brief that all the instructions requested by defendant were improperly refused. We have often said, and adhere to what we have heretofore said, that we will not examine instructions upon such a general statement. Counsel might as well have said: "We insist upon all the errors assigned in the bill of exceptions."

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.