[Crim. No. 1242. Second Appellate District, Division Two. —
    December 4, 1925.]

THE PEOPLE, Respondent, v. MABEL NEAL, Appellant.

[1] CRIMINAL LAW—BURGLARY—MISCONDUCT OF TRIAL JUDGE—ABSENCE
OF EXCEPTION AND REQUEST FOR ADMONITORY INSTRUCTION.—In a
prosecution for burglary, a claim of misconduct on the part of
the trial judge in making a certain remark cannot be sustained
where no exception was taken to the remark at the time it was
made and no request was made that the judge direct the jury to
disregard it.

[2] ID.—EVIDENCE—HYPOTHETICAL QUESTION—TESTIMONY OF PHYSICIAN
— CONDITION OF DEFENDANT'S HEALTH. — In such prosecution, a
hypothetical question asked a physician as to whether defendant
would have been able to walk within a stated time after an opera-
tion for an abscess of the rectum, "assuming there was no evidence
that she was suffering from any other ailment," was not indefinite
and uncertain as to the condition of defendant's health.

[3] ID.—WITNESSES—EXPERTS—FORM OF QUESTION.—In such prosecu-
tion, a hypothetical question seeking to elicit the expert opinion
of a physician on the question whether defendant would be able to
walk five or six days after the operation was not improperly al-
lowed over the objection of the defendant that it called for a
result in a case assumed to have been handled by the witness, and
not for his general opinion as an expert, where under all the
circumstances it is apparent that the expert gave the same answer
that he would have given if the question had been unimpeachable.

[4] ID.—PHYSICAL CONDITION OF DEFENDANT—ALIBI—EVIDENCE.—In
such prosecution, where defendant's counsel sought to show that,
because defendant was suffering from an abscess, she could not
have been at the place of the crime, it was not error to exclude
expert testimony as to what caused pus which the witness testified
he had drained from the abscess, where the court specifically
stated that counsel might in another manner show the defendant's
physical condition aside from the abscess, which counsel proceeded
to do by the same witness.

[5] ID.—CREDIBILITY OF WITNESS—EXCLUSION OF EVIDENCE—ERROR—
ABSENCE OF MISCARRIAGE OF JUSTICE.—In such prosecution, evi-
dence that conviction of defendant was necessary to a recovery by
prosecuting witness of insurance on the stolen jewelry would have
shown a special and financial interest of the prosecuting witness in

1. See 8 Cal. Jur. 510; 26 R. C. L. 1030.
4. See 8 Cal. Jur. 619.
5. See 27 Cal. Jur. 127.

the conviction of defendant which, in the eyes of the jury, might have affected her credibility, and such evidence was improperly excluded; but under section 4½ of article VI of the constitution, in view of the entire cause, including the evidence, such error did not amount · to a miscarriage of justice.

---

(1) 17 C. J., p. 79, n. 61, 62.    (2) 16 C. J., p. 755, n. 3.    (3) 16 C. J., p. 755, n. 3.    (4) 16 C. J., p. 755, n. 3.    (5) 17 C. J., p. 368, n. 5; 40 Cyc., p. 2654, n. 99, p. 2656, n. 8.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred H. Thompson for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendant was charged in two counts with the crime of burglary. She was convicted upon both counts and appeals from the judgment of conviction and from an order of the trial court denying her motion for a new trial.

Appellant's sole defense against both charges lay in her attempt to prove an alibi. There was ample evidence, however, to support each charge, if the jury gave credence to the testimony of witnesses to the effect that they identified appellant as the culprit in each instance. There was some testimony that she was actually present at a place other than the scene of the crimes, but the great burden of her defense was that she was in such a condition, through illness, that it was impossible for her to have gone to the places where the offenses were committed. Specifically, her main defense was that she was so afflicted with an abscess or ulcer of the rectum, or with an anal fistula, as to render impossible a locomotion by her to the scenes of the crimes, both being at a considerable distance from her place of residence. Various physicians testified to a state of affairs in these respects which would have justified the jury in believing that appellant could not have gotten to the places where the two burglaries were committed.

[1] There was evidence at the trial to the effect that a physician on a certain occasion had lanced an abscess in appellant's rectum, and also that after the operation it would have been impossible for appellant to walk. For the purpose of meeting this testimony the district attorney asked another expert witness: "Assuming, Doctor, that you had a patient between the ages of 25 and 35; that you performed a minor operation for an abscess of the rectum on the third or fourth day of August; that on the 9th day of August you called upon the patient, and at that time his pulse was normal and there was no pus in the wound or abscess; would you say that the patient would be able to walk at that time?" Appellant's counsel objected to the question on several grounds, one of the objections being that it was indefinite and uncertain as to the character of the condition of health of the assumed person. The trial judge then remarked: "Well, if you will embrace in your statement that it is a woman. There is no showing made of her suffering from any other condition of ill health." The point is now made that the last sentence of the judge's statement was an invasion of the province of the jury and was therefore misconduct. If we grant, for the purpose of argument, that the assailed remark should not have been made, we are to observe that no exception was taken to it at the time and no request was made that the judge direct the jury to disregard it. "When a judge makes damaging comment in the presence of the jury during a trial, . . . it is the duty of the counsel for the injured party to give the judge the opportunity to obviate the possibility of harm by means of admonition addressed to the jury, if the misconduct . . . is such that its effect may be removed by admonition" (*People v. Orosco*, 73 Cal. App. 580 [239 Pac. 82]). Granting again that the remark of the trial judge here was improper, its effect could readily have been eradicated by an admonitory statement to the jury. The claim of misconduct must therefore fall.

[2] Following the comment of the judge to which exception is taken, the district attorney added this to his question: "Assume, further, Doctor, that this was a lady, and there was no evidence that she was suffering from any other ailment." Appellant's counsel repeated his objection and it was overruled. It is contended that the ruling was error,

upon the ground that the assumption contained in the
amendment to the question was opposed to the actual evi-
dence in the case. No such ground, however, was stated in
the objection. The only point made was, so far as this
particular point is concerned, that the question was in-
definite and uncertain as to "the character of the condition
of health" of appellant. We can perceive no indefiniteness
or uncertainty in the question in the respect mentioned.
Certainly, it was not indefinite or uncertain after the addi-
tion was made to it, for it was thereby rendered certain to
the point of perfection. The ruling on the objection was
therefore proper.

[3] It was objected at the trial, and it is now insisted,
that the question of the district attorney which is above
quoted was improper for the reason that the examiner as-
sumed that "*you* had a patient," and "*you* performed a
minor operation" and then completed his question upon
those assumptions. It is said in effect that the witness was
not asked for his general opinion as an expert, but for the
result in a case assumed to have been handled by him, and
that the question was therefore improper. We think the
question was not objectionable on the ground stated. It
will be observed that the conditions upon which the opinion
of the expert was asked were those existing five or six days
after the assumed operation was performed. The assump-
tion as to those conditions was that the "pulse was normal,
and there was no pus in the wound or abscess," and it is
not contended that there was anything improper in the state-
ment of the situation at that time. Further, the witness to
whom the question was addressed had been properly qualified
as an expert. When he was put on the stand appellant's
counsel was asked if he would "stipulate the doctor's quali-
fications." The emphatic response was, "No question in
the world about it." Not only was the witness thus heartily
vouched for by the defense, but he testified that he had
"treated" many cases of ulcer and of abscess of the rectum.
Under all these circumstances we think the witness must
have understood the question to assume that *a* properly exe-
cuted minor operation had been performed for an abscess
of the rectum at the time mentioned in it. This last matter
becomes one of insignificant import, however, when we recur
to the view, already expressed, that the opinion of the wit-

ness was mainly to depend upon the correctly stated conditions existing five or six days after the operation had been performed. Even if we concede, therefore, that the question might have been put in better form, we are convinced that no harm whatever was wrought by it. Under all the circumstances it must be apparent that the expert gave the same answer that he would have given if the question had been unimpeachable.

[4] The record shows the following as having occurred during the direct examination of one of appellant's expert witnesses: "Q. . . . What was the condition? A. She had an abscess in the tissue adjoining the rectum, which had broken through partly, and under a local anesthetic I further opened it so that the pus could drain out. . . . Q. Well, now, what caused this pus there?" The question was objected to on the ground that it was immaterial and the objection was sustained. Then this transpired: "Mr. Thompson: To show the physical condition of this defendant, your Honor. The Court: No, that does not show it. You can find out what her physical condition was at the time if you want to. Mr. Thompson: Well, I am leading up to that. . . . The Court: It is immaterial what caused this abscess." It is insisted that the court erred in sustaining the objection that the question was immaterial, and this for the reason that counsel expected, by means of the question, to show the physical condition of appellant. The ruling, however, as shown by the remarks of the judge, was not intended to foreclose inquiry into her physical condition. The judge evidently took the view that an answer to the propounded question would not tend to show anything of that nature. We need not pause to inquire whether this view was correct, for the judge in effect stated that counsel might show appellant's physical condition by other questions. The matter of making the proof which counsel now says he sought to make by the assailed question was thus left entirely in his hands, and he actually asked questions of the same witness, afterward, as to appellant's physical condition. If we assume, then, for the sake of argument, that the question might have educed something as to appellant's state of health, and that the ruling of the court was therefore technically erroneous, we are bound to say, for the reasons stated, that no harm flowed from the error.

[5] There was evidence to the effect that certain jewelry which was involved under one of the charges against appellant was of the value of two thousand dollars, and that the prosecuting witness under that charge, who was the owner of the jewelry, carried insurance upon it. Appellant sought, on cross-examination of the witness, to show that the amount of the insurance policy on the jewelry could have been collected only upon a conviction of appellant. Counsel stated that he proposed to make this showing for the purpose of affecting the credibility of the prosecuting witness, who had identified appellant as having been at the place of residence of the witness at about the time the jewelry disappeared. The evidence was objected to on the ground of immateriality and the objection was sustained. It is contended that in its several rulings excluding the evidence the trial court erred. We think the rulings were erroneous. The facts sought to be developed, if proven, would have shown a special and financial interest of the prosecuting witness in the conviction of appellant which, in the eyes of the jury, might have affected her credibility. In view of the error referred to we have examined the entire cause, including the evidence, as it touches the conviction under the count now in question, as required by section 4½ of article VI of the constitution, and we are of the opinion that the error complained of has not resulted in a miscarriage of justice.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.