CRAIG, J.
 

 The appellant and three other men were charged by indictment with robbery. In one count it was alleged that on or about the eleventh day of April, 1927, at and in the county of Los Angeles, state of California, the defendants did wilfully, unlawfully,. and feloniously take from the person, possession, and immediate presence of one Clifford Shaw $3,090, the personal property of the Citizens Trust & Savings Bank, without the consent and against the will of Shaw, and which said taking was accomplished by means of force and by then and there putting the said Clifford Shaw in fear. Appellant was tried alone, and was convicted of robbery in the first degree. A motion for new trial was presented, which was denied, and he appealed from the judgment and from the ruling upon said motion. The indictment contained a second count, but it was dismissed.
 

 The principal ground of appeal consists in the assertion that section 211a of the Penal Code declares robbery as defined by section-211 of the Penal Code to be that of the second degree, but does not embrace the elements necessary to constitute robbery in the first degree, and that since the indictment in this case merely charged appellant with the crime of robbery, without specifying the degree, he was convicted of a crime with which he was not charged.
 

 Appellant refers to
 
 In re Colford,
 
 68 Cal. App. 308 [229 Pac. 63], and
 
 People
 
 v. Howard, 3 Cal. App. 36 [84 Pac. 462], holding to the contrary, but argues that the reasoning therein is “specious, but unsound.” These decisions have been followed by
 
 People
 
 v.
 
 North,
 
 81 Cal. App. 113 [252 Pac. 1063], and
 
 People
 
 v.
 
 Tognola,
 
 83 Cal. App. 34 [256 Pac. 455], the two last-named cases also holding that rob
 
 *331
 
 bery is sufficiently charged if the information or indictment follows the language of section 211 of the Penal Code.
 

 In the instant ease the offense was shown to have been committed at the point of a revolver, and the evidence amply supports the jury’s verdict, placing the offense clearly within the definition of robbery of the first degree.
 

 With one exception, other points presented are based upon the contention just mentioned, and are therefore governed by the cases above cited.
 

 The court instructed the jury that “the law makes no distinction between circumstantial and direct evidence in the degree of proof required for a conviction. ” It is said that by this instruction the court invaded the province of the jury and commented upon the evidence. It seems quite obvious that this criticism is without merit. The language used is plain and clearly means that as a matter of law the jurors are not required to regard either class of evidence, circumstantial or direct, as being of greater weight than the other. There is no semblance of a suggestion of the court’s idea as to the weight of the testimony of any witness or of any evidence that was before the jury for consideration.
 

 The judgment is affirmed.
 

 Works, P. J., and Thompson, J., concurred.
 

 A petition for a rehearing of this cause was denied by the district court of appeal on November 23, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of ap°peal was denied by the supreme court on December 22, 1927.