[Crim. No. 2221.   Second Appellate District, Division One.—August 31, 1932.]

THE PEOPLE, Respondent, v. MORRIS FACTOR, Appellant.

William I. O'Shaughnessy for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

TAPPAAN, J., *pro tem.*—The appellant, Morris Factor, was charged by an information with the crime of robbery, duly tried before a jury, and found guilty. He appeals from the judgment entered upon the verdict and from the order denying his motion for a new trial.

The facts, as disclosed by the record, are briefly as follows: On the morning of November 2, 1931, one Anderson, a wholesale jeweler's agent, was alone in his office in an office building in the city of Los Angeles. At about the hour of 9:45 A. M., in response to a knock upon his office door, he unlocked and opened the door and was confronted by two men with drawn guns. They entered the office, closed the door and forced Anderson to open the safe in the office. One of the men kept Anderson covered with a gun, while the other removed jewelry to the value of some thousands of dollars from the office safe. The men were in the office for some fifteen minutes and a large electric light was lighted during a great part of the time that they were in the office. Anderson was required to sit in a chair and one of the men, who Anderson afterward identified as appellant, sat in a chair some few feet away, unmasked, while the jewelry was being removed from the safe. The robbers bound and gagged Anderson and made good their escape. One of the robbers, the one afterward identified by Anderson as appellant, carried, while in the office, a gun of somewhat unusual type, a Derringer. A gun of this type was found in appellant's bag when he was arrested some days later in San Francisco, and the box in which the gun had been inclosed; it had the number of the gun upon it; and shells which fitted the gun were found in appellant's trunk in his apartment in Los Angeles. Appellant, after his arrest, made various admissions to police officers which could reasonably have been construed by the jury to have been of an incriminating nature. Appellant at the trial denied that he took part in the robbery and attempted to prove an alibi. To this end appellant introduced the testi-

mony of a number of witnesses, which if the jury had elected to believe, would have tended to establish appellant's alibi. ■ There is ample and sufficient evidence in the record to support the jury's verdict finding appellant guilty. The question of the sufficiency of Anderson's identification of appellant and the weight to be given to the testimony of alibi witnesses is one of fact which an appellate court is not at liberty to review upon appeal.

■ Appellant's first specifications of alleged error present two questions of similar nature, and they can therefore be considered together. Appellant contends that the trial court erred in refusing to permit an inquiry into the value of the goods stolen; not permitting reference to testimony in that regard given at the preliminary hearing; and in refusing to permit examination as to the actual value of the goods stolen when that actual value had been ascertained. It appears from an examination of the record that the matter of the value of the goods stolen was inquired into, both upon the direct examination of the witness and upon cross-examination by appellant's counsel. The ruling to which appellant objects was made during the cross-examination of the witness, when he had been recalled to the witness-stand at a later stage of the trial. If it was appellant's theory in the propounding of the question as to value merely to test the credibility of the witness, there is no justification in appellant's contention, as the matter had been inquired into when the witness had previously been examined. If it was appellant's idea to establish a ground of impeachment of the witness, the inquiry was one directed to an immaterial and collateral matter, and, therefore, not proper foundation for his impeachment. The value of the property taken under the circumstances of the instant case was immaterial. ■ Section 211 of the Penal Code which defines robbery contains no requirement relative to the value of the personal property taken. So long as some or any personal property is feloniously taken, the crime is committed, provided that all other elements are present. (*People* v. *Stevens,* 141 Cal. 488, 489 [75 Pac. 62].)

In the case of *People* v. *Dye,* 75 Cal. 108, at page 112 [16 Pac. 537, 539], the court makes this statement which is pertinent to this subject: "A party cannot cross-examine his adversary's witness upon irrelevant matters, for the

purpose of eliciting something to be contradicted. And if such matters are drawn out, the court should stop the inquiry there. It is well settled that a witness cannot be impeached by contradicting him upon collateral matters."

■ Appellant's next ground of appeal involves a ruling of the court sustaining an objection to the following question asked of the complaining witness upon cross-examination by appellant's counsel:

"Q. Is it not a fact that one of your relatives, Mr. Pantages, had assisted you materially in the months preceding this robbery?" The witness had just stated in answer to a question of appellant's counsel that "he had not been in financial difficulties at any time since" he had been in Los Angeles. This answer of the witness directly denying that he was in "financial difficulties" was sufficient to enable appellant, if he elected so to do, to question the truth of the witness' statement by competent evidence, and permit the introduction of evidence of the character introduced in the case of *People* v. *Neal,* 75 Cal. App. 428 [243 Pac. 52], cited by appellant. The record fails to show that appellant made any attempt to avail himself of this privilege.

■ There is no merit in appellant's contention that the court erred in the exclusion of testimony as to where appellant slept on the night preceding the robbery. The evidence shows that appellant spent the night at the apartment of a Mrs. West, who was one of appellant's witnesses on the question of his alleged alibi. Mrs. West was the divorced wife of appellant. It is appellant's contention that this ruling of the court deprived him of the right of showing that no "illicit relations existed between the witness and the appellant" and that "should color her testimony in his favor". The character of the witness was not in evidence or issue, and the prosecution had not sought to impeach her in the proceeding. The court properly excluded the evidence. (Code Civ. Proc., sec. 2053.)

■ The court sustained an objection to a question propounded by appellant's counsel to Mrs. West having to do with whether or not appellant removed his coat, when he returned to her apartment on the morning of the robbery. Appellant avers that by this ruling he was debarred from showing that he was unarmed at this time. The question

to which the objection was sustained was: "State what he did in that regard," and referred directly to appellant's removal of his coat. Appellant's counsel never asked the direct question as to appellant's being armed at the time. Under the circumstances there was no reversible error in the ruling as made.

An examination of the record fails to disclose any prejudicial comments or statements made by the court during the trial.

■ Appellant attacked a part of a general instruction given by the court where the following words were made use of: "The character of the witnesses as shown by the evidence, should be taken into consideration for the purpose of determining their credibility . . . " The question, as presented by appellant, is fully answered in the case of *People* v. *Mohammed*, 189 Cal. 429 [208 Pac. 963], where a similar instruction is upheld.

From an examination of the entire cause, as presented here, we are of the opinion that the record presents no error justifying a reversal of the judgment.

The judgment and order appealed from are affirmed.

Conrey, P. J., and York, J., concurred.