[Crim. No. 838. First Appellate District, Division One.—April 9, 1919.]

THE PEOPLE, Respondent, v. MARIO BONFANTI, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—DEFECTIVE INFORMATION—INSUFFICIENT GROUND FOR REVERSAL.—In view of the mandatory direction of section 4½ of article VI of the state constitution, the omission to allege in an information charging assault with intent to commit rape that the victim of the assault was not the wife of defendant is not a sufficient defect to warrant a reversal of the judgment, where the record shows that the woman was not in fact the wife of the defendant and that the trial proceeded as if the allegation were there, and fails to show that a miscarriage of justice resulted.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Franklin Swart, District Attorney, and Ray B. Lyon, Deputy District Attorney, for Respondent.

KERRIGAN, J.—The defendant was convicted of the offense of assault with intent to commit rape, and appeals from the judgment. He urges three grounds in support of his appeal, the first of which is that the information fails to state an offense within the jurisdiction of the superior court— the court in which he was tried and convicted. The defect of the information referred to is that there is no statement therein that the victim of the assault was not the wife of its perpetrator; that, accordingly, for aught that appears in the information, she may have been his wife, and consequently the alleged acts of violence constitute in law a simple assault, an offense not within the jurisdiction of the superior court.

The offense that the information purported to charge is that defined by section 220 of the Penal Code, which provides that "every person who assaults another with intent to commit rape . . . is punishable by imprisonment in the state prison

. . . ''   Section 261 of the same code defines rape as ''an act of sexual intercourse accomplished with a female not the wife of the perpetrator,'' under variant conditions set forth in said section, among which is the accomplishment of the act by means of force and without the consent of the participant. It is thereupon argued that an information charging an assault with intent to commit rape must contain the same statement with reference to the woman as in a charge of rape itself, namely, that she was not the wife of the perpetrator.

The cases of *People* v. *Miles,* 9 Cal. App. 312, [101 Pac. 625], and *People* v. *Everett,* 10 Cal. App. 12, [101 Pac. 528], are cited in support of the appellant's contention.   The first of these cases was upon an information charging the same offense as in the case at bar, and the second of them was upon an information charging rape, in both of which it was held that the omission to state therein that the female concerned was not the wife of the defendant rendered the information so defective as to necessitate a reversal of the judgment.

In this connection, however, it is urged by the attorney-general that the two cases cited, having been decided prior to the adoption of an amendment to the constitution known as section 4½ of article VI thereof, should no longer be regarded as controlling, a new rule having been prescribed by that amendment for the guidance of appellate courts in the decision of appeals.

The new rule of decision laid down by the constitution is couched in the following terms: ''No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

[1]   The defect in the information here pointed out is an error of pleading, and, following the mandatory direction of the constitution, the judgment should not be reversed or a new trial granted unless that error of pleading has, in the opinion of this court, formed after an examination of the entire cause, including the evidence, resulted in a miscarriage of justice.   It becomes, then, pertinent to inquire how the omission to state in the information that the woman, upon

whom the defendant is charged with having committed the assault, was not his wife affected his trial, and to determine whether the omission pointed out affected it to such an extent as to have brought about a miscarriage of justice. An examination of the record immediately discloses that the omission in question affected the trial not at all; in fact, the trial proceeded as if the allegation were there. Its absence was not noticed by the defendant. He did not even demur to the indictment; if he had done which his cause of complaint would have been at once removed, but without his thereby gaining any apparent advantage. For the fact is that the woman was not his wife. Some of the instructions to the jury proposed by his own counsel stated the fact baldly that he was in fact charged with an assault to commit rape. It appeared at the trial that the victim of his assault was not in fact his wife, but was the wife of another man—his neighbor—and the mother of three children. It could not be contended, even by the defendant, that if the information had contained the statement that the victim of the assault was not his wife, the trial would have proceeded with one iota's difference from the course it took, or that the verdict of the jury or the judgment of the court would have been other than it was.

Under these circumstances, it appears to us that there could hardly be a case to which to apply more appropriately the rule of decision laid down by the constitution.

This rule since its adoption has been applied many times, and, we think, in cases where the error relied upon was of a less trivial character, regarded from the point of view of its consequences, than the one here. Thus, in *People* v. *Tomsky,* 20 Cal. App. 672, [130 Pac. 184], the trial was had without the defendant having entered a plea of guilty or not guilty. This must be conceded to be a very substantial departure from proper and regular procedure, but it was held not to be sufficient to require a reversal of the case where the record did not show that a miscarriage of justice had resulted. In *People* v. *O'Bryan,* 165 Cal. 55, [130 Pac. 1042], and *People* v. *Lawlor,* 21 Cal. App. 69, [131 Pac. 63], the errors upon which a reversal was sought were of improper admission of evidence, or misdirection of the jury, but it was held that the constitutional rule of decision required the affirmance of the judgment, it not appearing to the appellate court after its ex-

amination of the entire cause, including the evidence, that such errors had resulted in a miscarriage of justice.

Two other grounds for reversal are urged, namely, that the court refused to instruct the jury in certain specific terms as requested by the defendant, and that the evidence fails to show that the assault established thereby had for its object the raping of its victim. An examination of the instructions actually given to the jury discloses that they covered the law sought to be brought to its attention in those that were refused, although in different terms, and the examination of the evidence that we have made satisfies us that the jury was warranted in finding this question of intent against the defendant.

For the reasons given, the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal May 9, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 5, 1919.

All the Justices concurred.