[Crim. No. 593.   Third Appellate District.—April 7, 1922.]

THE PEOPLE, Respondent, v. ORVILLE JOHNSON, Appellant.

[1] CRIMINAL LAW — ASSAULT TO STEAL — INTENT—PLEADING. — In a prosecution for assault with intent to commit robbery, an information charging that the defendant, at a given time and place, "did willfully, unlawfully and feloniously, violently and forcibly make an assault" upon a given person " . . . to steal, take and carry away" certain goods necessarily carries the implication that the purpose or "intent" of defendant in making the assault was to steal, etc.

[2] ID. — TAKING BY MEANS OF FORCE AND FEAR — SUFFICIENCY OF INFORMATION.—An information is not defective in omitting from the definition of robbery the element "against his will," as contained in section 211 of the Penal Code, where it is alleged that the robbery was accomplished by means of force and fear.

[3] ID.—DEFECTIVE INFORMATION—EVIDENCE—JUDGMENT—APPEAL.—In view of the provisions of section 4½ of article VI of the state

---

1. Attempt to commit robbery or assault with intent to commit offense, note, Ann. Cas. 1918A, 406, 421.

constitution, where a hearing proceeds as though the allegations of the information are complete, and the evidence is sufficient to establish every element of the offense of which the defendant is convicted, the cause will not be reversed on appeal on account of a defect in the information.

[4] ID.—CONVICTION OF LESSER OFFENSE—INSTRUCTIONS.—In a prosecution for assault with intent to commit robbery, it is not error to instruct the jury that "The defendant is charged with assault with intent to rob. This charge includes the smaller offense of simple assault and he may be found guilty of either of said offenses," where by succeeding instructions the jury is clearly advised that the defendant cannot be found guilty of either offense unless the jury finds to a moral certainty and beyond all reasonable doubt that the defendant committed such offense.

[5] ID.—CORRECTION OF RECORD ON APPEAL—LACK OF PREJUDICE.—In a prosecution for assault with intent to commit robbery, the defendant is not prejudiced by the action of the trial court in permitting the district attorney, after the trial is completed and the record on appeal certified to be correct, to correct the record on appeal by adding to the information an averment originally contained therein, relating to the defendant's conviction of a felony in a general court-martial of the United States army.

[6] ID. — STATEMENT BY DEFENDANT — READING TO JURY — WAIVER OF OBJECTIONS.—In this prosecution for assault with intent to commit robbery, it was not error to permit the district attorney, on cross-examination of the defendant, to read what purported to be a statement of the defendant to the officers after his arrest, where the statement was first shown to the defendant, and his objection, which was directed to the statement as a whole and not to any particular portion thereof, was not interposed until after the statement was read.

[7] ID.—PURPOSE OF VISIT TO PLACE OF ASSAULT—CROSS-EXAMINATION TO TEST VERACITY.—The defendant, on direct examination, having testified that he came from a given city to the city where the alleged assault took place for the purpose of buying wine for a certain individual, it was entirely proper for the district attorney, on cross-examination, to test the veracity of the defendant by probing the surrounding circumstances of that asserted engagement.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. Percy S. King, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Cavitt for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was convicted of assault with intent to commit robbery and the appeal is from the judgment and the order denying his motion for a new trial.

The first point made is that the information states no offense against the defendant, or at least no offense of which the superior court has jurisdiction. [1] The particular criticism is that there is no allegation of the intent with which the "assault" was made. The charging part of the information, as certified by the clerk, is as follows:

"That said Orville Johnson on the 16th day of April, A. D. 1921, at the said county of Napa, and before the filing of this information did willfully, unlawfully and feloniously, violently and forcibly make an assault upon the person of one H. R. Hill with the felonious then and thereby to steal, take and carry away from the person, possession and immediate presence of said H. R. Hill, the goods and personal property of the said H. R. Hill, and to accomplish the said stealing, taking and carrying away by means of force then and there used upon and against the said H. R. Hill by the said defendant, and by then and there putting the said H. R. Hill in fear."

The omission of the word "intent" was probably an inadvertence in the preparation of the transcript as in the reporter's transcript certified by the trial judge the word appears. But, be that as it may, it is quite apparent that if the intent with which the assault was made was not directly expressed it was clearly implied by the use of the terms which were employed. To charge that a defendant made an assault to steal, take, and carry away certain goods necessarily carries the implication that his purpose or intent in making the assault was to steal, etc. If it were stated that A went to Washington to see the President it would not be open to dispute that his purpose in going to the capital was to see Mr. Harding.

[2] It is also suggested that the information was defective in omitting from the definition of robbery the element "against his will," as contained in section 211 of the Penal

57 Cal. App.—18

Code.   The terms "force and fear," however, entirely cover this consideration.  *(People* v. *Riley,* 75 Cal. 98 [16 Pac. 544] ; *People* v. *Ah Sing,* 95 Cal. 654 [30 Pac. 796].)

[3]   Moreover, after trial, wherein the evidence was sufficient to establish every element of the offense of assault with intent to commit robbery and wherein the hearing proceeded as though the allegations of the information were complete, in contemplation of section 4½ of article VI of the state constitution, the cause should not be reversed on account of any such alleged defect.   *(People* v. *Bonfanti,* 40 Cal. App. 614 [181 Pac. 80].)

[4]   The next asserted error relates to the action of the court in giving this instruction: "The defendant is charged with assault with intent to rob.   This charge includes the smaller offense of simple assault and he may be found guilty of either of said offenses."   This instruction must be considered in connection with the entire charge and, as thus viewed, it is not to be condemned.   The court thereby did not attempt to define fully the crime with which the defendant was charged, but the offense was characterized in general terms to indicate that it embraced two separate . offenses.   Standing alone, it possibly might be subject to the criticism that it invaded the province of the jury in suggesting that they should convict the defendant of one or the other of these offenses, but it was immediately followed by these plain directions: "If you find to a moral certainty and beyond all reasonable doubt, that the defendant committed an assault on H. R. Hill with the intent of robbing said Hill, as charged in the information, you should find defendant guilty of assault with intent to rob.

"If you entertain a reasonable doubt as to the defendant's intent in the matter, but find to a moral certainty and beyond all reasonable doubt that he assaulted said Hill, as charged in the information, you should find defendant guilty of assault.

"And if you entertain a reasonable doubt as to whether defendant assaulted said Hill you should find the defendant not guilty."

And in the beginning of the charge the court stated: "I instruct you that in considering this case you must not act upon any outside influences or reports, if any have come to your notice.   If the defendant is guilty such guilt must be

determined by you from the evidence which has been introduced before you at this trial, and upon that evidence alone you must be guided in rendering your verdict.''

Again: ''I instruct you that the law raises no presumption whatever against the defendant, but on the contrary, every presumption of the law is in favor of his innocence; and in order to convict him of the crime alleged in the information, or of any lesser crime which may be included in it, every material fact necessary to constitute such crime must be proved beyond a reasonable doubt; and if you entertain any reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the defendant the benefit of such doubt and acquit him.''

Considering these instructions together the jury could not fail to understand that, unless convinced by the evidence beyond a reasonable doubt of the guilt of the defendant, they could not convict him of any crime.

[5] After the trial was completed and the record on appeal was certified the trial court permitted, on motion of the district attorney, the record to be corrected by having added to the information the following averment: ''That the defendant, before the commission of the offense charged in this information, was in a general court-martial of the United States army convicted of a felony.'' It is not questioned that this was a part of the information as filed by the district attorney, but, when the cause was called for trial, on motion of the people and by consent of the defendant that part was withdrawn and it was not read to the jury. If the record is to show a complete history of the trial and proceedings it is entirely proper for it to exhibit the information as it was filed. That a portion of it was afterward stricken out or withdrawn is no reason why the actual condition at the time it was filed with the clerk may not be shown. Moreover, if the action of the court in correcting the record was irregular, of course, it is entirely without prejudice as far as this appeal is concerned. It has no effect upon the judgment and does not concern at all the merits of the verdict of conviction.

[6] Complaint is made of the action of the court in permitting the district attorney to read what purported to be a statement of appellant made to the officers after his

arrest. It seems that on direct examination he was interrogated about the statement and the record shows the following on cross-examination:

"Q. Was the reporter present in the sheriff's office when you made your statement there? A. Sir?

"Q. Was the reporter present in the sheriff's office when you made your statement? A. Statement to you?

"Q. Yes, sir. A. Yes, sir.

"Q. The reporter was taking it down in shorthand? A. Yes, sir.

"Q. I will show you what purports to be a transcript made by the shorthand reporter, as to what transpired in the sheriff's office, and I will ask you if that is the statement you made? A. No, sir; this is not a correct statement of what I done in the sheriff's office.

"Q. Wait a minute; let me have an answer 'yes' or 'no' to the question, if you will.

"Mr. Riggins: I am going to read to him the statement; I am going to ask him now the questions and answers as I have them here. I might take a short cut and take this statement as a whole; of course, I am going to ask him separate questions.

"The Court: Go ahead and do it.

"Mr. Cavitt: One moment, if the court please; we object to this procedure. The witness has a right to see the entire paper before counsel reads anything from it at all. Then he can ask him as to it."

The court permitted the district attorney to proceed with the questions and answers. We can see no merit in appellant's objection to the proceeding. It was the right of appellant to see the statement, which had been reduced to writing, before he was questioned concerning it (sec. 2052, Code Civ. Proc.), but that is the exact course which was pursued. The district attorney showed him the statement and we must presume that he examined it sufficiently to satisfy himself as to its contents. Nothing appears to indicate that he was not allowed ample time to do so. It is apparent therefore that the only objection made by appellant to this line of examination is entirely untenable. No doubt some of the questions and answers contained in said statement were objectionable, but appellant did not direct specific attention to them and it is now too late to complain.

After reading the document the district attorney asked this question: ''I ask you now, if that is not a correct copy of the statement you made that night in the presence of the people you have already mentioned.'' To which counsel for appellant responded: ''Don't answer that question. If the Court please, I object to that on the ground it is incompetent, irrelevant and immaterial and I assign now the reading of the document as misconduct on the part of the district attorney, and I ask the Court to strike it from the record and to request this jury to disregard every question and answer read to the defendant.'' The court overruled the objection and denied the motion. The ruling was correct. If there was any merit in the objection, the matter was not opportunely presented to the court. Besides, the objection and motion were addressed to the statement in its entirety rather than to certain particular portions which alone might be deemed objectionable.

Fault is found with the following remark of the district attorney made in response to a provocative statement of counsel for appellant: ''I suppose the district attorney and all of the officers, including the reporter, are all crooks and only the defendant is innocent.'' It is altogether improbable that such statement would have any effect upon the verdict, but any possible injury was obviated by the instruction of the court for the jury to disregard it.

[7] The district attorney on cross-examination of the defendant asked this question: ''Were you to be paid anything by Mr. Dozier for buying the wine?'' On the direct examination he had testified that he came from Vallejo to Napa for the purpose of buying wine for Mr. Dozier and it was entirely proper to test his veracity for the district attorney to probe the surrounding circumstances of that asserted engagement. We may add that it was not improper to ask the witness if he had been convicted of a felony. (Sec. 2051, Code Civ. Proc.)

We think there is no merit in the contention that the evidence did not warrant the conviction. The argument of appellant is apparently grounded upon the assumption that the jury should have accepted his statement of the affair and that it was little less than an outrage for them to believe the prosecuting witness and other witnesses for the people. Giving full credit, as we must, to the testimony,

of H. R. Hill, we cannot escape the conclusion that appellant was justly convicted. The former was walking after dark in a certain alley in the city of Napa and, in his own language: "I felt somebody put his hand on my shoulder, and I looked around on this side [illustrating] and I saw something come around this way, somebody put something in my face. . . . It was the defendant. . . . He had a pistol. He stuck it up in my face and told me not to holler. Then he grabbed me and we went down, and as we were going down he kicked me in the mouth. . . . He kicked me hard enough that he pretty near come getting me, and he was going to try to do it again, and I kept him from doing it."

It further appears that the witness called for help while struggling with the defendant, and an officer and others came and appellant was taken into custody.

Other circumstances appear in the record indicating that the purpose of the defendant was to rob Mr. Hill, but we need go no further.

We are satisfied that no reason has been shown for disturbing the verdict and the judgment and order are affirmed.

Finch, P. J., and Hart, J., concurred.