[Crim. No. 624.   Third Appellate District.—June 19, 1922.]

# THE PEOPLE, Respondent, v. GIACOMO SPAGNOLI, Appellant. ·

[1] Intoxicating Liquors — Violation of County Ordinance — Illegal Seizure of Competent Evidence—Conviction—Appeal.— Where competent evidence is produced at a trial for a violation of a county ordinance prohibiting the manufacture of intoxicating liquor for beverage purposes, the court will not stop to inquire from what source that evidence came or the means by which it was obtained, and the action of the trial court in denying an application of the defendant for the return of papers or other property claimed to have been illegally taken from him and later used as evidence over his objection will not be reviewed on appeal from a judgment of conviction of the criminal charge.

[2] Id.—Use of Liquor—Purpose of Manufacture—Instructions.— In a prosecution for a violation of a county ordinance which prohibits the manufacture of intoxicating liquors for beverage purposes, where the only evidence as to the purpose for which the liquor was manufactured is that it was used as a beverage, thus justifying the inference that it was manufactured for that purpose, it is not prejudicial error for the court to refuse to instruct the jury that the "manufacture of intoxicating liquor is not unlawful as the law provides for the manufacture of intoxicating liquor for medicinal and sacramental purposes," but that the jury "must find from the evidence and ·believe beyond all reasonable doubt that the defendant manufactured intoxicating liquor for beverage purposes ·before a verdict of guilty can be found."

[3] Id. — Defective Information — Want of Prejudice. — Conceding that the information in such prosecution is defective in that it does not allege that the liquor was manufactured for beverage purposes, the defendant is not prejudiced thereby where he urges no such ground at the trial and the evidence of the use of the liquor is received without objection as though such purpose had been alleged.

[4] Id. — Sufficiency of Information — Negation of Exceptions. — Where a county ordinance prohibits the manufacture of intoxicating liquor except for certain purposes therein enumerated, the exceptions are no part of the definition of the offense and need not be negatived in the information, it being sufficient to follow the general language of the ordinance condemning the manufacture of said liquor.

[5] Id.—Validity of County Ordinance.—It is competent for the board of supervisors of a county to pass an ordinance prohibiting the manufacture of intoxicating liquor for beverage purposes.

[6] ID.—PERMIT TO MANUFACTURE—BURDEN OF PROOF.—In a prosecution for a violation of a county ordinance prohibiting the manufacture of intoxicating liquor for beverage purposes, the jury is properly instructed that the burden of proof is upon the defendant to show that he had a permit from the United States Commissioner of Internal Revenue or from the United States Internal Revenue Department if he desires to excuse the manufacture of said liquor.

[7] ID.—USE OF INACCURATE DESCRIPTIVE TERMS—SUFFICIENCY OF INFORMATION.—Where an information charges a defendant with the violation of a county ordinance prohibiting the manufacture of intoxicating liquor, to wit, "wine and jackass brandy," and such information and the evidence both show that the defendant manufactured a brandy containing the prohibited percentage of alcohol, it is immaterial that the word or term "jackass" used to describe or qualify that product is inaccurate or unknown to the chemical profession or the school of pharmacy.

[8] ID.—CONTINUING PROCESS OF MANUFACTURE—ULTIMATE PRODUCT—VERDICT.—Where such an information is drawn upon the theory that the manufacture of the liquor was a continuing and uninterrupted process resulting in the production of wine and then brandy, and the evidence supports that theory, the act of the defendant constituted but one offense, although involving the manufacture of two kinds of liquor, and the jury is not in error in finding a verdict of guilty of the offense charged in the information instead of finding two separate verdicts as required by section 954 of the Penal Code where separate offenses are charged.

[9] ID.—TWO OFFENSES—SINGLE VERDICT—WAIVER OF OBJECTION.—Where an information charges two offenses, but the jury find the defendant guilty of the offense charged in the information instead of finding two separate verdicts, and no objection is made to the form of the verdict at the time it is rendered, the appellate court will consider such informality as having been waived and without prejudice to the substantial rights of the defendant.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Curtin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was convicted of the violation of a county ordinance, commonly known as the

"Little Volstead Act," and he appeals from the judgment and the order denying his motion for a new trial. The charging part of the information is as follows:

"The said named defendant did on or about the 8th day of August, 1921, at and in the said county of Tuolumne, state of California, then and there willfully and unlawfully and in violation of ordinance No. 107 of the county of Tuolumne, being an ordinance prohibiting the sale, manufacture or unlawful possession or transportation of intoxicating liquors and providing penalties for violation thereof, passed by the board of supervisors of Tuolumne county on the 15th day of March, 1921, manufacture certain intoxicating liquor, to-wit: wine and jackass brandy then and there containing one-half of one per cent or more of alcohol by volume, which was then and there fit for use for beverage purposes."

Section 1 of said ordinance provides: "When used in this ordinance the word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not and by whatever name called, containing one-half of one per centum or more of alcohol by volume which are fit for use for beverage purposes."

In section 2 we find this provision: "No person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this ordinance, and all the provisions of this ordinance shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

[1] A large part of the brief of appellant is devoted to a learned discussion of the action of the trial court in denying his motion to order the return to him of the appliances for the manufacture of liquor and the liquor itself, which were taken from his possession under a search-warrant, and in permitting these objects to be introduced in evidence. It is claimed with substantial reason that the proceedings which resulted in the seizure of the property were not in accordance with the requirements of the statute, and a formidable array of authorities is presented to the effect that what is thus obtained should not be received

in evidence. We are, however, spared the duty of following the argument since the question has been unequivocally decided against appellant's contention by the supreme court of this state in *People* v. *Mayen,* 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435]. Therein it was squarely held that where competent evidence is produced at a trial the court will not stop to inquire from what source it came or the means by which it was obtained, and that the action of the trial court in denying an application of the defendant for the return of papers or other property claimed to have been illegally taken from him and later used as evidence over his objection will not be reviewed on appeal from a judgment of conviction of a criminal charge.

[2] The next objection of appellant is that the court erred in refusing to give the following proposed instruction:

"The manufacture of intoxicating liquor is not unlawful as the law provides for the manufacture of intoxicating liquor for medicinal and sacramental purposes, and it therefore must be made in order to be sold for either of said purposes. The manufacture of intoxicating liquor for beverage purposes is unlawful and it is for you to determine from the evidence in this case whether any intoxicating liquor was manufactured by defendant and you must find from the evidence and believe beyond all reasonable doubt that the defendant manufactured intoxicating liquor for beverage purposes before a verdict of guilty can be found against the defendant."

Appellant claims that the refusal of the instruction was error, "unless Ordinance No. 107, under which this action is prosecuted does make it a crime to manufacture intoxicating liquor. The ordinance so provides but in so doing we say this ordinance is void." The declaration of appellant as to the scope of said ordinance is entirely too sweeping. It does not prohibit the manufacture of liquor for *all* purposes. Indeed, certain permissible uses are designated for the manufacture of liquor fit for beverage purposes. And it may be said that, in view of the various sections of the ordinance, considering its declaration that its provisions are to be liberally construed "to the end that the use of intoxicating liquor as a beverage may be prevented," it is not an unreasonable construction to hold that

the *manufacture* for such purpose is what was intended to be prohibited. If so, the proposed instruction embodied a correct principle of law and might well have been given. The attorney-general, however, thinks that "it was covered by the two instructions which appear on page 25, Transcript." As to this he is clearly in error. The first of the instructions to which he thus refers simply states in the language of the information the offense charged against the defendant, and the second, the familiar principle that the burden is upon the prosecution to establish beyond a reasonable doubt every material allegation constituting the offense. But these do not cover the point, for the reason that the information does not allege that the liquor was manufactured *for beverage purposes.*

However, upon the theory that such was the intention of the board of supervisors and that the proposed instruction, abstractly considered, involves a sound legal principle, the refusal of the court to give it was entirely without prejudice. This follows for the reason that there was no evidence whatever that the liquor was manufactured for any purpose other than for its use as a beverage. All the evidence upon the subject shows that it was used as a beverage and such use justifies the inference that it was manufactured for that purpose, and no other inference is possible. The instruction, therefore, was not applicable to any theory supportable by the evidence and hence it could have been of no assistance to the jury if it had been given.

[3] As to the information, if we concede that it was defective in the respect indicated, appellant suffered no prejudice thereby. Indeed, he urged no such ground at the trial and the evidence of the use of the liquor was received without objection as though such purpose had been alleged. In this connection it is sufficient to refer to *People* v. *Johnson,* 57 Cal. App. 271 [207 Pac. 257], and *People* v. *Bonfanti,* 40 Cal. App. 614 [181 Pac. 80].

[4] Moreover, it is clear that the ordinance prohibits the manufacture of the liquor except for certain purposes therein enumerated. The exceptions are no part of the definition of the offense, and hence they need not be negatived in the information, it being sufficient to follow the general language of the ordinance condemning the manufacture

of said liquor. (*Matter of Application of Lieritz,* 166
Cal. 298 [135 Pac. 1129], and cases cited.)

[5] That it is competent for the board of supervisors to
pass such ordinance is, in our opinion, settled by the au-
thorities. (*People* v. *Tomasovich,* 56 Cal. App. 520 [206
Pac. 119].)

[6] Complaint is made of the action of the court in di-
recting the jury that the burden of proof was upon the de-
fendant to show that he had a permit from the United
States Commissioner of Internal Revenue or from the
United States Internal Revenue Department if he desired
to excuse the manufacture of said liquor. The general rule
is, as contended for by appellant, that the burden of proof
is upon the prosecution to establish every element of the
crime and to prove guilt beyond a reasonable doubt, but
there is a well-recognized exception in cases of this char-
acter where the fact is peculiarly within the knowledge of
the defendant. (1 Greenleaf on Evidence, sec. 79; *People*
v. *Boo Doo Hong,* 122 Cal. 606 [55 Pac. 402]; *People* v.
*T. Wah Hing,* 47 Cal. App. 327 [190 Pac. 662].)

Appellant complains that the court erred in giving this
instruction: ''You are further instructed that it is not
necessary that the people prove the manufacture of all of
the intoxicating liquors described in the information. It is
sufficient if the people prove beyond a reasonable doubt
and to a moral certainty and to your entire satisfaction
that the defendant did in the manner alleged in the infor-
mation manufacture any one of the intoxicating liquors
described in the said information. And if you believe
from the evidence beyond a reasonable doubt and to a moral
certainty, that the defendant did as alleged in the informa-
tion manufacture any one of the items of intoxicating
liquors described therein, it is your duty to find the de-
fendant guilty as charged in the information.''

[7] It is not disputed that by virtue of section 954 of
the Penal Code, it was permissible to charge two offenses
in the same information, but the principal objection of ap-
pellant to the instruction, as we understand his position,
is this: The information really charges only one offense,
that is, the manufacture of wine, since ''jackass brandy''
is not a liquor known to the law, and there was no evi-
dence of the manufacture of any wine. But it is a fair

inference from the testimony that the defendant made *wine* from raisins and afterward converted by distillation this wine or "raisin mash" into a crude brandy, containing the prohibited percentage of alcohol. It is true that the expert witness testified that there is no such liquor known to the chemical profession or the school of pharmacy as *jackass* brandy but he also testified that he believed the term was applied to crude brandy. The attorney-general also claims that the court should take judicial notice of the fact that this expressive term is in general use to designate a particularly vicious brand of liquor, but be that as it may, it is so defined in the information as to bring it within the prohibition of the ordinance and the significant feature of the information and the evidence is that it was shown to be "brandy" containing a very large percentage of alcohol and it seems entirely immaterial whether the district attorney was accurate in the use of the other qualifying term.

[8] We may add that there is justification for the view that the information was framed upon the theory—and the evidence supports it—that the manufacture of the liquor was a continuing and uninterrupted process resulting in the production of wine and then of brandy. As thus contemplated, the act of defendant really constituted but one offense, although involving the manufacture of two kinds of liquor. In that aspect the case is somewhat analogous to *People* v. *Oppenheimer,* 156 Cal. 733 [106 Pac. 74], and cases cited therein and *People* ,v. *Steelik,* 187 Cal. 361 [203 Pac. 78]. It would follow that the jury was not in error in finding a verdict of guilty of the offense charged in the information instead of finding two separate verdicts as required by said section 954 where separate offenses are charged. [9] But, at any rate, if the information be regarded as charging two offenses, there was no objection made to the form of the verdict at the time it was rendered, and we would consider the informality as having been waived and without prejudice to the substantial rights of the accused.

We think there is no merit in the claim that the evidence is insufficient to show that the defendant manufactured liquor which contained the prohibited percentage of alcohol.

One Henry Reitz, who was stopping with the defendant, testified positively as an eye-witness to the acts of defendant resulting in the manufacture of brandy. He detailed the process at great length and we have no reason to say that his testimony is incredible. Several witnesses testified as to the possession by defendant of a "still," and one O. J. Mouron, an expert pharmacist, made an analysis of two samples of the liquor taken from the tent of defendant and testified that one contained approximately thirty-two and one-half and the other eighteen per cent of alcohol.

Indeed, after a consideration of the entire record we think it may be justly said that the objections of appellant are quite technical and that he was fairly tried and legally convicted.

The judgment and order are therefore affirmed.

Finch, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.