---

(No. 15901.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BROWN, Plaintiff in Error.

*Opinion filed April 14, 1924.*

1. CRIMINAL LAW—*defendant cannot be convicted or sentenced except as charged in indictment.* A defendant cannot be lawfully convicted or sentenced, whether on a trial or on a plea of guilty, for any crime not charged in the indictment, and if the indictment charges no criminal offense he cannot be lawfully sentenced under that indictment.

2. SAME—*when a defendant cannot be sentenced for arson although he pleads guilty to such crime.* An indictment charging the defendant with setting fire to a court house "with intent to destroy the same" is based upon section 16 of division 1 of the Criminal Code, and although the defendant pleads "guilty to the crime of arson as charged in the indictment" he cannot be sentenced merely to imprisonment, as provided for the crime of arson, but must be sentenced as provided in said section 16.

3. SAME—*when cause must be remanded for proper sentence although defendant has served maximum term.* Where a defendant indicted under section 16 of division 1 of the Criminal Code is improperly sentenced to the penitentiary for the crime of arson on a plea of guilty the cause should be remanded for a proper sentence, although the defendant has already served the maximum of imprisonment provided for in said section 16, which requires the imposition of a fine as well as imprisonment. (*People* v. *Casady,* 250 Ill. 426, distinguished.)

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. CHARLES H. MILLER, Judge, presiding.

WATSON & WARFORD, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CLARENCE E. SOWARD, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the March term, 1922, of the circuit court of Hardin county the grand jury returned an indictment against William Brown, charging that he "feloniously, willfully and maliciously did set fire to a certain building, to-wit, a certain court house, then and there being the court house of the county of Hardin, in the State of Illinois, of the value of $10,000, there situate, with intent then and there thereby feloniously, willfully and maliciously to burn and destroy the said court house." At the same term the defendant, being arraigned, entered a plea of "guilty to the crime of arson as charged in the indictment." He was sentenced on March 29, 1922, to imprisonment in the Southern Illinois penitentiary for a term of years not less than the minimum term or greater than the maximum term as provided by the statute for the crime of arson or until discharged by due process of law. He has sued out this writ of error to reverse the judgment.

Section 13 of division 1 of the Criminal Code, enacted in 1874, provides that every person who shall willfully and maliciously cause to be burned any court house, among other buildings, shall be deemed guilty of arson, and upon conviction shall be imprisoned in the penitentiary for a term not less than one year or more than twenty years. Section 16 as amended (Laws of 1919, p. 428,) provides that whoever willfully or maliciously sets fire to or attempts to set fire to any of the buildings mentioned in sections 13, 14 and 15, with intent to burn or destroy the same, shall be imprisoned in the penitentiary for a term of not less than one year or more than two years and fined not exceeding $5000. The

indictment was under this section of the statute, for it alleged the setting fire to the court house with intent to burn and destroy it, and not the actual burning of it, as required to constitute the crime of arson. A defendant charged in an indictment with a crime cannot be lawfully convicted, whether on a trial or on his plea of guilty, of any crime not charged in the indictment. His plea of guilty only confesses his guilt as charged in the indictment. If the indictment charges no criminal offense he cannot lawfully be sentenced under that indictment. If it does charge a criminal offense he cannot be lawfully sentenced for any other offense not charged. *Klawanski* v. *People*, 218 Ill. 481.

It is argued that the plaintiff in error's plea was guilty to the crime of arson; that the nature, effect and consequences of his plea of guilty to that crime were fully explained to him; that he persisted in his plea of guilty and was sentenced thereon. Under the constitution and the Criminal Code no person can be held to answer for a criminal offense except upon an indictment or information setting forth the nature and cause of the accusation, and it follows that he cannot be sentenced upon his conviction of guilt of a crime except upon an indictment which charges him with that crime.

It is stated by his counsel that the plaintiff in error has served the maximum term of imprisonment for the offense charged in the indictment, and that therefore, upon reversal of the judgment, the cause should not be remanded, and the case of *People* v. *Casady*, 250 Ill. 426, is cited as authorizing a reversal without remanding. In that case, however, the plaintiff in error was sentenced to imprisonment in the penitentiary under a statute which provided for the punishment of the offense of which he was convicted, by fine or imprisonment. In the present case the crime with which the defendant was charged was punishable by both fine and imprisonment. The imprisonment imposed by the judgment of the court was excessive, but the court

312—5

failed to assess any fine. The sentence was unlawful both in respect to the imprisonment and to the failure to assess a fine, though the plaintiff in error cannot complain of the latter error.

The judgment must be reversed and the cause remanded to the circuit court for sentence upon the plea of guilty to the crime charged in the indictment.

*Reversed and remanded.*