DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

---

The People of the State of Illinois, Defendant in Error, v. Edward Gleason and George Furrey, Plaintiffs in Error.

1. CRIMINAL PROCEDURE—*comment on failure of defendant to testify.* Prosecuting attorney in argument may call attention to fact that testimony of witnesses for the prosecution has not been contradicted, even though the defendant, who is the only person who could contradict such testimony, has not testified.

2. CRIMINAL PROCEDURE—*general verdict under indictment containing several counts.* Where jury found defendants guilty of keeping a common gaming house, in manner and form as charged in the indictment, without specifying any count or counts, defendants were found guilty of but one offense and could only be punished for such.

3. BETTING AND GAMING—*maximum fine.* The maximum fine for the first offense of keeping a gaming house is $500.

Error by defendants to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1925. Reversed in part and reversed and remanded with directions in part. Opinion filed April 15, 1925.

FAULKNER & MOORE, for plaintiffs in error.

JESSE R. BROWN, State's Attorney, for defendant in error.

(168)

Mr. Justice Barry delivered the opinion of the court.

Plaintiffs in error were convicted of keeping a common gaming house. The court sentenced Gleason to pay a fine of $200 and Furrey $2,000. We find no evidence · in the record even tending to prove that plaintiff in error Gleason was guilty of the offense for which he was convicted and for that reason the judgment against him must be reversed.

Plaintiffs did not testify. In argument the State's Attorney said: "There is no scintilla of evidence contradicting the State's testimony that No-Coat George rented this property. And there is further no contradiction, no evidence denying the evidence introduced by the State that these various forms of gambling were going on in the very room, the very part of the building that No-Coat George had rented from the witness Bricker." It is argued that this was a comment on the failure of the defendants to testify.

The prosecuting attorney in his argument to the jury may call their attention to the fact that the testimony of witnesses for the prosecution has not been contradicted, even though the defendant, who is the only person who could contradict such testimony, has not testified. *People v. Donahoe,* 279 Ill. 411; *People v. Paisley,* 299 Ill. 576-586. The use of stronger language was held not reversible error in *People v. Donaldson,* 255 Ill. 19-31. The court did not err in its rulings on the admission and exclusion of evidence.

Several counts of the indictment charged plaintiffs in error with keeping a gaming house. Each of them averred that the house was so kept on the same day and at the same place. The evidence referred to but one place and is ample to support the charge against plaintiff in error Furrey. The jury found them guilty of keeping a common gaming house in manner and form as charged in the indictment without specifying any count or counts. They were clearly found

guilty of but one offense. The statute provides that for the first offense a defendant shall be fined not less than $100, and for a second offense not less than $500 and confined in the county jail for not less than six months, and for a third offense not less than $500 and imprisonment in the penitentiary not less than two years nor more than five years. [Cahill's St. ch. 38, ¶ 305.]

The Supreme Court has clearly indicated that the maximum fine for the first offense is $500. *Hankins v. People*, 106 Ill. 628. The court erred in sentencing plaintiff in error Furrey to pay a fine of $2,000 and costs. For the reasons aforesaid the judgment as to Gleason is reversed and the judgment as to Furrey is reversed and the cause remanded with directions to enter a proper judgment and a fine of not less than $100 nor more that $500 and costs. *People v. Elliott*, 272 Ill. 592-604; *People v. Brown*, 312 Ill. 63-66.

*Reversed as to Gleason and reversed and remanded with directions as to Furrey.*