(No. 16889.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD LARSON, Plaintiff in Error.

*Opinion filed October 28, 1925—Rehearing denied December 4, 1925.*

PROHIBITION—*when indictment does not charge an offense—review.* An indictment under the Prohibition act does not charge an offense where it alleges that the defendant "intoxicating liquor did then and there unlawfully and feloniously possess, in violation of said Illinois Prohibition act, the said act of the said [defendant] being an act then and there prohibited and unlawful, contrary to the statute in such case made and provided," and the objection to the indictment may be availed of upon writ of error. (*People* v. *Barnes,* 314 Ill. 140, and *People* v. *Martin,* id. 110, followed.)

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

HALL & DUSHER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, FRANK R. EAGLETON, and ALFRED B. LOUISON, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted of a violation of the Prohibition act. The jury found that this was his second conviction of such offense, and he was sentenced to the penitentiary for a period of from one to two years and fined $100 and costs. The indictment in the case consisted of two counts, each of which, after alleging a second offense, charged that the plaintiff in error "intoxicating liquor did then and there unlawfully and feloniously possess, in violation of said Illinois Prohibition act, the said act of the said Harold Larson being an act then and there prohibited and unlawful, contrary to the statute in such case made and

provided." Plaintiff in error brings the common law record here for review, contending that the indictment does not charge an offense.

This question was considered by this court in *People* v. *Barnes,* 314 Ill. 140, and *People* v. *Martin,* id. 110, where it was held that such language did not charge an offense. Such a ground may be availed of upon writ of error. *People* v. *Brown,* 312 Ill. 63.

The judgment of the trial court is reversed.

*Judgment reversed.*