THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES NELSON, Plaintiff in Error.

*Opinion filed October 28, 1925.*

PROHIBITION—*when information does not charge an offense— plea of guilty.* An information charging that the defendant "unlawfully did then and there possess intoxicating liquor in violation of the Illinois Prohibition act," and that he "unlawfully did then and there manufacture intoxicating liquor in violation" of said act, is not sufficient to charge either offense, and the defendant is entitled to reversal of a judgment of conviction notwithstanding he has pleaded guilty.

WRIT OF ERROR to the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding.

A. C. LEWIS, and H. R. LIGHTFOOT, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, VIRGIL L. BLANDING, and CHARLES F. MANSFIELD, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of Saline county filed in the county court an information charging that the plaintiff in error within said county "unlawfully did then and there possess intoxicating liquor in violation of the Illinois Prohibition act." The second count of the same information charged that the plaintiff in error "unlawfully did then and there manufacture intoxicating liquor in violation of the Illinois Prohibition act." Plaintiff in error entered a plea of guilty on both counts. He was sentenced to pay a fine of $200 and costs on the first count and a fine of $300 and costs on the second count, and that he be confined to the State farm at Vandalia for a period of ninety days and to work out the fines at said farm unless the same were paid. He brings the cause here for review.

Numerous grounds of error are urged, one of which is that the information does not charge the plaintiff in error with any crime under the law, and that since this is so, he is entitled to a reversal of the judgment notwithstanding his plea of guilty; and this is so. (*People* v. *Brown,* 312 Ill. 63.) The information in this case did not charge an offense. *People* v. *Barnes,* 314 Ill. 140; *People* v. *Martin,* id. 110.

Numerous other grounds are assigned, but it becomes unnecessary to consider them.

The judgment will be reversed.          *Judgment reversed.*