WILLIAM MCWILLIAMS, Petitioner, v. W. M. WALKER, Judge, Respondent.

No. 40298.

FEBRUARY 11, 1930.

*George Milani* and *W. B. Hays,* for petitioner.

*Harry S. Greenleaf,* for respondent.

FAVILLE, J.—The petitioner herein was indicted by the grand jury of Appanoose County. The indictment was in two counts, and is as follows:

"Count I. The said Ted Hutchinson and Bill McWilliams,

on or about the 29th day of September, A. D. 1929, in the county of Appanoose and state of Iowa, did unlawfully and feloniously break and enter the restaurant building of Charles Taylor, in which goods, merchandise, and valuable things were then and there kept for use, sale, and deposit, with a specific intent then and there on the part of said Ted Hutchinson and Bill McWilliams to commit a public offense, to wit: larceny.

"Count II. The grand jury of the county of Appanoose in the name and by the authority of the state of Iowa accuses Ted Hutchinson and Bill McWilliams of the crime of larceny, committed as follows: The said Ted Hutchinson and Bill McWilliams, on or about the 29th day of September, A. D. 1929, did unlawfully and feloniously, in the county of Appanoose and state of Iowa, steal, take, and carry away goods, wares, and merchandise, consisting of candy, near beer, chewing gum, and cigars, the exact quantity and description being to this grand jury unknown, and a quantity of lawful money of the United States, consisting of pennies, nickels, dimes, half dollars, and one-dollar bills, a more particular description of said money being to this grand jury unknown; said merchandise and money then and there being the property of Charles Taylor, and of the value of approximately $35, and in excess of $20. All of the above being contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Iowa."

The petitioner entered a plea of not guilty, and the cause was tried to a jury. The respondent's return shows that:

"The jury returned a verdict finding the defendant not guilty of the breaking and entering, but finding him guilty of the larceny, as charged in the second count of the indictment, and finding the value of the property stolen to be $19."

The return further shows that the court pronounced sentence as follows:

"It is ordered and adjudged by the court that the defendant be sentenced under the provisions of Section 13009 of the Code, as the evidence in the case shows that the crime of which the defendant was found guilty is that of larceny from a store. It is further ordered by the court that the defendant be com-

mitted to the jail of Appanoose County for the period of one year at hard labor, and that he pay a fine of $200 and the costs of prosecution.''

But one question is presented for our consideration, and that is whether or not the court erred in sentencing the petitioner under the provisions of Section 13009 of the Code, 1927. Section 13005 of the Code defines the crime of larceny. Section 13006 fixes the punishment for larceny ''when the value does not exceed twenty dollars, by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding thirty days.'' Section 13008 describes the crime of larceny in the nighttime, in any dwelling house, store, or any public or private building, or in any boat, vessel, or watercraft. Section 13009 provides for the punishment of any person who, in the daytime, commits larceny as defined in said Section 13008, and fixes the penalty when the value of the property stolen does not exceed twenty dollars, as being a fine not exceeding two hundred dollars and imprisonment in the county jail not exceeding one year.

The first count of the indictment in the instant case charged the breaking and entering of a restaurant, in which goods, merchandise, and valuable things were kept for sale, use, and deposit, with the specific intent to commit a public offense. Under the return of the respondent, it appears that the jury found the petitioner not guilty of the offense charged in Count I.

The question arises as to what offense is charged in Count II of the indictment. We think it is susceptible of no other construction than that it charges the petitioner and one Hutchinson with the crime of larceny. The charging part of the indictment expressly names the crime charged to be that of larceny, and it is alleged that the petitioner did ''unlawfully and feloniously, in the county of Appanoose and state of Iowa, steal, take, and carry away goods, wares, and merchandise, etc., said merchandise and money then being the property of Charles Taylor, and of the value of approximately thirty-five dollars.''

This count contains the essential allegations of the crime charged, to wit, the crime of larceny. There is no hint in this count of the indictment of the crime's having been committed in any of the places described in Sections 13008 and 13009 of the Code, nor is there any allegation referring to it as having

been committed in the daytime or in the nighttime. It is a simple and direct charge of grand larceny, and nothing more. Under this indictment, the court sentenced the petitioner under Section 13009, for the crime of larceny from a building in the daytime. In the return made to this court, the respondent judge states:

"The one fact which should be certified up in this record, and is not shown in the record certified to, is that the crime charged in this indictment was shown by the evidence, without any contradiction, to have been committed in the nighttime, somewhere between 12 o'clock midnight and daylight the next morning, and that the property stolen from the restaurant, of which the jury by its verdict convicted this defendant, was taken from the restaurant during that time, between midnight and daylight the next morning. But, as the indictment failed to charge the crime as having been committed in the nighttime, the court was necessarily compelled to treat it as committed in the daytime. When the case came on for sentence, defendant's counsel presented to the court the question that, under the indictment and the verdict and the record in the case, the court should necessarily sentence the defendant for ordinary petit larceny; but the court did not agree with that contention of counsel, and sentenced the defendant under Section 13009 of the Code."

The theory of the court seems to have been that, inasmuch as the evidence showed that the larceny, if committed by the petitioner, was committed in the daytime, in a building, the court could sentence the petitioner for the crime of larceny committed in a building in the daytime, under Section 13009. The difficulty is that the indictment did not charge the petitioner with the crime of larceny from a building in the daytime. That is a separate and distinct crime, under the statute. Suppose that the indictment had specifically charged the petitioner with larceny from a building in the daytime, and the evidence had shown that the larceny from the building was committed in the nighttime: could the petitioner have been sentenced for the latter offense because the evidence disclosed it, even though the indictment did not charge it? We think not. If a defendant is charged with the crime of petit larceny,

and the value of the property is alleged to be less than $20, and a jury returns a verdict of guilty as charged, can a court sentence a defendant, under such an indictment, for the crime of grand larceny because, in the judgment of the court, the evidence shows the value of the property to be more than $20? We think not. Illustrations might be multiplied.

The respondent contends that the court had the power to impose the sentence which was given in this case because of the provisions of Chapter 266 of the Acts of the Forty-third General Assembly, which is commonly known as the "Short Form of Indictment Statute." Said statute apparently has no application whatever to the instant case. The indictment was not defective. The second count clearly and definitely charged the crime of larceny. No bill of particulars was sought or required. Said chapter in no way vests the court with power to sentence a convicted defendant for a crime not charged in the indictment. Suppose the petitioner had pleaded guilty to Count II of the indictment: the court could have pronounced sentence without the taking of any evidence whatever, or without requiring proof of the facts under which the larceny was committed. Certainly, under such circumstances, the court could not legally impose a sentence for any other offense than that charged in the indictment, to which the plea of guilty had been entered.

The court was in error in sentencing the petitioner for any other or greater offense than that of petit larceny, under the record. The writ of certiorari must, therefore, be sustained. The cause must be reversed, with instructions to the trial court to impose a sentence as provided by statute for the crime of petit larceny. It is so ordered.—*Writ sustained. Judgment reversed and cause remanded, with directions.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.