The STATE OF MONTANA, Plaintiff and Respondent, v. STANLEY RICHARD ERICKSON, Defendant and Appellant.

No. 10412.
Submitted October 8, 1962. Decided October 26, 1962.
375 P.2d 314.

Ted Corontzos, Great Falls (argued orally), for appellant.

Forrest H. Anderson, Atty. Gen., Helena, Ralph Randono, Deputy County Atty., Great Falls (argued orally), Gene B. Daly, County Atty., Great Falls, James J. Sinclair, Deputy Atty. Gen., Helena (argued orally), for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Defendant Stanley R. Erickson was tried and convicted of the crime of robbery in the district court of Cascade County; this appeal is from such judgment of conviction.

The evidence in this case discloses that during the early morning hours of May 8, 1961, at a time when Jim Gould and Jean Engebritson were on duty as attendants, two men, at-

tempting to distort their features by pulling silk stockings over their faces, entered the Save-Ur-Self Service Station in Great Falls, Montana. The taller of the two men was brandishing a pistol as the two entered the station. Gould and Engebritson were ordered at gun point to turn over cash currency and to carry a cabinet safe out of the station and place it into a car which had been stolen previously by the two masked men.

This accomplished, the masked men ordered the attendants back into the station and fled the premises in the stolen car. They drove to a 1955 Chevrolet automobile that had been borrowed from a friend, and removed the safe from the stolen car and placed it in the trunk of the 1955 car. They then drove to an alley where the safe was pried open and the money sacks removed. From the cash register and the safe they obtained $1,552.00 in cash. After abandoning the emptied safe in the alley, the two proceeded to the home of a friend where they hid their ill-gotten gains in the garage attic. Both attendants were able to identify defendant Erickson as one of the masked men because the silk stocking did not distort his features to the point of making him unrecognizable; the attendants were also aware of a characteristic walk peculiar to the defendant. Their acquaintance with defendant Erickson stems from the fact that he, too, was an attendant at the Save-Ur-Self Service Station. This information enabled the police to arrest the defendant.

Subsequent events revealed the identity of defendant Erickson's partner in the robbery to be Joseph E. Lesch. Lesch plead guilty to the crime of robbery, and as a State's witness, in addition to positively identifying defendant Erickson as a participant in this crime, he also recounted the details of the whole enterprise.

At the end of the State's case, defendant moved for acquittal because of insufficiency of the Information, which motion was overruled; whereupon defendant objected on the ground that the State had failed to prove a prima facie case and this ob-

jection was likewise overruled. At this point defendant rested his case. The matter was then submitted to a jury, and a verdict of guilty of the crime charged in the Information was rendered, leaving the punishment to be fixed by the court. For the conviction of the crime of robbery, together with a prior conviction of a felony, defendant Erickson was sentenced to twenty years at hard labor in the State prison at Deer Lodge.

Defendant's two specifications of error attack the sufficiency of the Information in the same particular and they will therefore be considered as one.

By the Information, defendant Erickson was charged with the crime of robbery, together with a prior conviction of a felony, committed as follows, to-wit:

"That at the County of Cascade, State of Montana, on or about the 8th day of May, A. D., 1961, and before the filing of this Information, the said defendant then and there being, did then and there willfully, wrongfully, feloniously, and forcibly, take from the persons, possession and immediate presence of Jim Gould and Jean Engebritson, monies, and property of the value of approximately One Thousand and no/100 Dollars ($1,000.00), belonging to Save-Ur-Self Service Station, 909 Tenth Avenue South, Great Falls, Montana, which said taking was then and there without the consent and against the will of the said Jim Gould and Jean Engebritson, and was then and there accomplished as aforesaid by means of putting the said Jim Gould and Jean Engebritson, *in fear, by use of a 45-caliber automatic pistol * * *.*" (Emphasis added.)

It is defendant's contention that the foregoing allegations are insufficient because they do not contain the nature and kind of fear by which the robbery was allegedly accomplished.

Robbery by means of fear is covered by the two following sections from our criminal code. R.C.M.1947, § 94-4301, defines the crime of robbery thusly:

"Robbery is the felonious taking of personal property

in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or *fear*." (Emphasis added.)

R.C.M.1947, § 94-4302, defines the fear mentioned in section 94-4301 as either:

"1. The fear of unlawful injury to the person or property of the person robbed, or of any relative of his, or member of his family; or,

"2. The fear of an immediate and unlawful injury to the person or property of any one in the company of the person robbed at the time of the robbery."

This court has never had to decide the question of what is a sufficient minimal allegation of fear so as to constitute robbery by means of fear under our statute. The question was considered, however, in State v. Gill, 21 Mont. 151, 153, 53 P. 184 (1898), wherein the Information charging fear stated:

"And the said Charles L. Hathaway in bodily fear and danger of his life then and there feloniously did put." It was there held that the information charges more than the statute requires, because a person cannot be feloniously put in bodily fear and danger of his life without being in fear of an unlawful injury to his person.

Other jurisdictions, notably California, have considered whether or not the kind of fear produced upon the party robbed need be alleged in the information. In People v. Howard, 3 Cal.App. 36, 84 P. 462 (1906), a California appellate court held an Information to be sufficient even though it did not allege the kind of fear that was produced on the party robbed. It should be noted that California Penal Code, §§ 211 and 212 are identical to R.C.M.1947, Sections 94-4301 and 94-4302, under consideration herein.

The pertinent portion of the Information in the instant case alleged the robbery was accomplished by means of putting Gould and Engebritson in fear by use of a 45-caliber automatic pistol. In State v. Board, 135 Mont. 139, 337 P.2d 924

(1959), in discussing the requisites for a good Information, this court stated the test as follows: "would a person of common undertanding know what is intended to be charged?" Applying this test to the Information in the case at bar, we think the conclusion is inescapable that a robbery victim is put in the fear required by section 94-4302 when he is forced to look down the barrel of a 45-caliber automatic pistol held by a stranger, whose purpose is to rob his victim. Indeed, it is reasonable to presume fear in these circumstances.

We have carefully reviewed the record and cannot see where the rights of the defendant have been prejudiced by the state's failure to allege that the victims were put in fear of unlawful injury. The record is replete with testimony to the effect that Gould and Engebritson were frightened, and the jury was instructed as to the kind of fear necessary to support a conviction of robbery by means of fear. It appears that defendant had a fair trial and was ably represented by counsel. The judgment of conviction therefore must be and it is affirmed.

MR. JUSTICES ADAIR, JOHN C. HARRISON and CASTLES, and DISTRICT JUDGE GUY C. DERRY, sitting in place of MR. STANLEY M. DOYLE, concur.