PETITION OF STANLEY RICHARD ERICKSON.
No. 11047.
Decided December 8, 1965.
409 P.2d 447.

PER CURIAM:

Petition for writ of habeas corpus filed by Stanley Richard Erickson, an inmate of the Montana State Prison, appearing pro se.

Petitioner alleges that on or about the 8th day of June, 1961, he was tried and convicted in Cascade County district court of the crime of robbery with a prior felony conviction and was thereafter committed to the State prison for a crime of burglary, together with a prior felony conviction. He contends

therefore that though he was convicted of a felony he has been serving a sentence which was erroneously and illegally imposed upon him; that by virtue of section 94-101-15, sub-divs. 3 and 4, R.C.M.1947, he should be discharged from the prison.

To ascertain the fact situation herein this court has examined the original court file of the district court of Cascade County. From it we observe that petitioner was charged by an amended information with the crime of robbery, together with a prior conviction of felony. He was represented by court-appointed counsel and tried before a jury which returned a verdict finding petitioner "Guilty of the crime of robbery as charged in the information." He was sentenced on June 12, 1961, to a term of 20 years in the state prison; the commitment is entitled "CONVICTED OF ROBBERY, TOGETHER WITH A PRIOR CONVICTION OF A FELONY." As pertinent here it reads in part:

"The County Attorney, with the defendant and his counsel, Edward Borer, came into Court. The defendant was duly informed by the Court of the nature of the information filed against him for the crime of Robbery, Together with a Prior Conviction of a Felony a crime committed on the 8th day of May, A.D.1961, and of his arraignment and plea of 'not guilty' as charged in said information, of a jury trial and the verdict of the jury on the 8th day of June A.D.1961, 'Guilty as charged in the information.' The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him to which he replied that he had none. And no sufficient cause being shown or appearing to the Court thereupon the Court renders its judgment: That whereas the said STANLEY RICHARD ERICKSON having been duly convicted in this court of the crime of Burglary, Together with a Prior Conviction of a Felony a crime, committed in the County of Cascade, State of Montana, on or about the 8th day of May A.D.1961;

"NOW THEREFORE, IT IS ORDERED, ADJUDGED AND

DECREED, and this does order, adjudge and decree, that the said defendant is guilty of the offense charged in the information herein; that is, of the crime of Burglary, Together with a Prior Conviction of a Felony a crime * * *."

The prior conviction of petitioner for a felony was for the crime of burglary and it is apparent that in the preparation of the judgment the crime for which petitioner was convicted was erroneously designated in the latter two instances as burglary instead of robbery. In truth, and in fact, petitioner was convicted of robbery, was sentenced for robbery. Following his trial in the district court, he appealed to this court but no question was raised as to this inadvertence. See State v. Erickson, 141 Mont. 118, 375 P.2d 314.

This court has previously had called to our attention a similar situation wherein the judgment in a criminal case erroneously described the crime of which the defendant was convicted. See State v. Dietz, 135 Mont. 496, 497, 343 P.2d 539, wherein the court stated:

"Here the record shows, as pointed out in the dissenting opinion written by Mr. Justice Adair, that the jury found defendant guilty of an attempt to commit the crime charged, whereas the judgment recites that defendant was convicted of the infamous crime against nature. This recitation in the judgment was evidently an inadvertence.

"Counsel for defendant does not predicate any error on the part of the court in the respect above noted. The point was not raised in the trial court and probably for a good reason. Had it been called to the attention of the trial judge he doubtless would have corrected the judgment. It is axiomatic that the court has the power to correct its judgment so that it speaks the truth. Power & Bro., Ltd. v. Turner, 37 Mont. 521, 97 P. 950. The point is not pressed upon us for we would no doubt do what other courts have done, viz., remand the case for the correction of the judgment in this respect. People ex rel. Weed v. Whipp, 352 Ill. 525, 186 N.E. 135; LaGore v. Ramsey, Mo.1939, 126 S.W.2d 1153; McWilliams v. Walker, 209

Iowa 769, 229 N.W. 183; People v. Brown, 312 Ill. 63, 143 N.E. 440.

"Defendant would then find himself in exactly the same situation in which he now is. The amount of the punishment is well within the limits of the law for one guilty of an attempt to commit the infamous crime against nature coupled with a prior conviction of which defendant pleaded guilty. The punishment for the infamous crime against nature is not less than five years. The maximum could be any number of years. The punishment for an attempt is one-half of the longest term for the offense attempted. R.C.M.1947, § 94-4711. That could have been fifteen and one-half years or more 'without reference to the prior conviction, and where there is a prior conviction the punishment cannot be less than ten years. R.C.M.1947, § 94-4713.

"With these considerations in mind it is not strange that able counsel for defendant did not raise this point either in the trial court or here. In the dissenting opinion, reference is made to the case of State v. Shambo, 133 Mont. 305, 322 P.2d 657, as sustaining the contention that the judgment here cannot stand. That case does not touch upon the point here involved. The jury's verdict here was and is sustained by the evidence. By it, defendant was found guilty of an attempt to commit the infamous crime against nature. The judgment, reciting as it does that defendant was convicted of the infamous crime against nature, is erroneous. It is subject to correction by the trial court, but to do so does not require the granting of a new trial, nor is it ground for releasing and discharging defendant. Had defendant sought correction of the judgment either in the trial court or here, no doubt he would have been granted that right."

This reasoning applies here, petitioner is not entitled to be discharged under the provisions of section 94-101-15, R.C.M. 1947.

To make the record speak the truth we will transmit copy of this memorandum opinion to the district court of Cascade

460

County with directions to that court to correct its judgment of conviction nunc pro tunc so that it reflects the truth and having done so that it transmit a certified copy thereof to the warden of the state penitentiary at Deer Lodge, Montana, and to the petitioner.

It is so ordered.